THOMAS S. GILLETT, Appellant, *vs.* THE MISSOURI VALLEY RAILROAD COMPANY, Respondent.

| 55 | 315 |
| 67a | 43 |

PER VORIES, J.

1. *Corporations—Liability of, for malicious acts of agents—Confined to what cases.*—The result of the cases seems to be, that where corporations have been held liable for the malice of their agents, the acts of the latter were not only in the scope of the supposed authority of the particular agent committing the act complained of, but the act done by the agent was done in the performance of business coming within the purview of the objects and purposes for which the corporation was created, and the powers were conferred by the charter.

PER CURIAM.

2. *Railroad corporations—Suits against, for malicious prosecutions—When entertained—Reasonable cause no defense when.*—A railroad corporation is not liable for a malicious prosecution, instituted by its agents, against one of its officers, in the name of the State, for alleged embezzlement of its funds; there being no pretense that any power was given the company to engage in such prosecutions or that they came within the scope of its general powers or purposes.

In such suit for damages the company cannot defend by alleging that there was reasonable cause for the prosecution.

PER ADAMS, J. CONTRA.

3. *Railroad companies liable to damages for malicious prosecutions when—* Where railroad corporations, through the malice of their officers, institute groundless prosecutions, they should be made liable to the party injured in an action for malicious prosecution.

The prosecution of criminal offenders, especially when irresponsible in a civil action, is not only within the scope of the authority of such corporations but becomes their imperative duty.

*Appeal from Buchanan Circuit Court.*

*Hill & Carter,* and *Loan & Van Waters,* for Appellant.

The doctrine of Childs vs. Bank of Missouri, (17 Mo., 213,) is not the law now in relation to the questions involved in this case. (Reg. vs. Gr. North. of Engl. R. R. Co., 58 Eng.,C. L. 314, 324; Goodspeed vs. East Haddam Bank, 22 Conn., 530.)

A corporation may be guilty of trespass. (Ang. & Ames, Corp., [4 Ed., 387,] and authorities there cited. Also Ousley vs. Montgomery R. R. Co., 37 Ala., 560; Brakeman vs. N. J. Railroad & Transfer Co., 3 Vroom [N. J.,] 328; See

Soulard vs. City of St. Louis, 36 Mo., 546; Towns. Sl. & Lib., 360–361, and n. 1341.) It may be liable for malicious prosecution. (Towns. Sl. 261, and notes; Merrill vs. The Tariff Manuf. Co., 10 Conn., 384.) A corporation is liable for the wrongful acts of its agents while acting for it, and by its discretion, notwithstanding such acts may relate to matters outside their power and authority conferred on the corporation. (Whitfield vs. South East. Railw. Co., 1 El. B. El., 115; 96 Eng. Com. Law 113; Also Phil. Wilm. & Balt. R. R. Co. vs. Quigley, 21 How., U. S., 202; Rhodes vs. Cin., 10 Ohio, 160; Chesnut Hill & Spring House Turnpike Co., vs. Rutter, 4 Seg. & R., 16; Moore vs. R. R., 4 Gray, 465; Higgins vs. Watervliet Turnpike Co., 46 New York 23; Soulard vs. City of St. Louis, 36 Mo., 546, 553.)

*B. F. Stringfellow, and Hall & Oliver,* for Respondent.

I. A corporation cannot be guilty of a malicious prosecution. (Childs vs. Bank of Missouri, 17 Mo., 213; Stevens vs. Midland Railway, 10 Exch. [Hurls. & G.,] 352; 49 Mo., 273.)

II. A corporation cannot be liable for an act which is not actionable unless it be wilfully and maliciously done, for the reason that a corporation can act only by agents, and a principal is not liable for injuries done wilfully and maliciously by his agent. (McManus vs. Bucket, 1 East, 67; Ang. & Am. Corp., §§ 385, 388; Mason vs. Stiles 21 Mo., 374.)

III. It is impossible that the act complained of in this case could have been done by any agent or employee of defendant in the course of his employment. To institute a malicious prosecution is not, and cannot be the duty of any officer, agent or employee of a railroad company. And if the act complained of was not done in the cause of the employment of the individual who committed it, the defendant is not liable. (39 N. Y. 382; 19 Wend., 343.)

VORIES, Judge, delivered the opinion of the court.

This action was brought by the plaintiff against the defendant to recover damages for a malicious prosecution. The

petition charges that defendant is a corporation duly incorporated, &c.; that said company had in its employ as its agent one Joseph S. Ford, who was chief secretary and treasurer of said company and so acted as its agent in the line and scope of his authority at the time of the injuries hereinafter mentioned, and who, by virtue of said office, had control and management of the receipt and disbursement of the funds of said company; that plaintiff was in the employ of said company in the capacity of clerk, and had the control and management of certain funds, and had the management and disbursement of certain receipts and funds of said company, under the control and direction of said Ford who was his superior officer in that respect; that defendant, on the 22nd day of July 1869, by virtue of an affidavit made by said Ford, while acting in the line and scope of his authority, did maliciously and corruptly cause the said plaintiff to be arrested and imprisoned, for the embezzlement of certain funds of of said company, of which said Ford had control as agent of said defendant aforesaid, did then and there before one A. Saltzman, a justice of the peace in and for Washington township in Buchannan county, while acting in the line and scope of his authority, make and file with said Saltzman his affidavit and charge that plaintiff had embezzled and converted to his own use, without the consent of said railroad company, a large amount of money to-wit: Five hundred dollars, the property of said company, which said defendant alleged had come into his possession and control by virtue of his employment as clerk of said company; that said Ford while acting in the line and scope of his authority for said company, did further charge that plaintiff had embezzled and converted to his own use, without the consent of said company, divers other moneys, &c., (setting out the particular funds) all of which had come into his hands or possession by virtue of his employment as clerk of said company. That the charges so made by said Ford, while acting in the line and scope of his authority as agent of said company, he, the said Ford, well knew to be false and malicious, yet, notwithstanding, the said

defendant, by its agent, as aforesaid, caused said justice of the peace, who was then a duly elected justice of the peace in said county, and had full power for said purpose, to issue a warrant for the arrest and imprisonment of plaintiff upon said charge ; that a warrant was issued at the instance of defendant upon said false and malicious charge, and plaintiff arrested and held in custody thereunder &c. ; that defendant well knowing said charge to be false, caused the proceedings to be commenced in the name of the State of Missouri, &c.; that plaintiff was afterwards fully acquitted and the proceedings dismissied.

The petition, after charging other acts in aggravation of damages &c., and a want of any reasonable cause for the prosecution, concluded by praying judgment for damages.

The defendant in its answer fully denies the material allegations in the petition, and as a further answer sets up as a separate defense to the action, that said defendant had reasonable and probable cause for the charge alleged in said petition, and for charging that plaintiff had been guilty of embezzlement as charged in the petition, and the answer further charged that the petition did not state facts sufficient to constitute a cause of action. A replication was filed denying the new matter set up in the answer.

The cause afterwards came on to be heard, and after a jury had been impaneled to try the cause, the plaintiff offered evidence which it is admitted was competent to prove the facts stated in the petition. This evidence was objected to on the ground that the facts stated in the petition were not, in law, sufficient to constitute a cause of action against the defendant. The court sustained the objection, and excluded all evidence in the case. After this the plaintiff suffered a non-suit with leave to move to set the same aside, which said motion was afterwards made and overruled by the court, when the plaintiff excepted and has appealed to this court. It will be seen that the only question involved in this case, is whether a railroad corporation in a case like this, is liable to the party injured for a malicious prosecution instituted by their agent in

the name of the State,  It is contended, by the defendant, that a corporation is not capable of malice, and that therefore no such action can be maintained against it.

In the case of Childs vs. The Bank of the State of Missouri, (17 Mo., R. 213,) the same question involved in this case was before this court, and if we are to adhere to the reasoning of the learned judge who delivered the opinion of the court in that case, the present case must be decided in favor of the defendant, and the judgment appealed from in this case be affirmed. But we are urged by the plaintiff to reconsider that decision.  The plaintiff insisting that the law on the subject of corporations, has been by the courts of the country, since that decision, so modified as to conform the decisions of the courts to the advanced condition of the country, and that the law as ruled in that case should be so modified as to conform to the recent decisions of our sister States on the same subject.  It must be admitted that within the last few years the great increase in the number of corporations, by which the greater part of the commercial business of the country is being transacted, assuming, as they do, all the functions of individuals, has induced a tendency in the recent adjudications on the subject, to assimilate the rights and duties of corporations, to the rights and duties of natural persons, and to hold corporations as responsible for the acts of their agents within the scope of their authority, and within the scope, power and objects of the creation of the corporation, just in the same manner and to the same extent as if they were natural persons.  It is said in the opinion delivered in the case of Childs vs. the Bank, before referred to, that "the Bank is a corporation, it cannot utter words, it has no tongue, no hands to commit an assault and battery with, no mind, heart or soul to be put into motion by malice.  Therefore if it was an action for an assault and battery, or for a malicious prosecution or for slander, we should at once say, that such could not be maintained." I think this language is too general and extensive, and the current of the modern authorities do not go to that extent.  It seems to be held by

the best considered and the current of modern authorities, that there are many cases in which corporations may be made liable for assaults and batteries committed by their agents, for libels published by their agents and even for malicious prosecutions instituted by their agents; provided in all such cases that the act done comes within purview of the objects, purposes, and powers of the corporation, under its charter, and provided that the act of the agent is within the scope of the authority conferred on him, or is ratified by the corporation.

In the case of Higgins vs. The Watervliet Turnpike Company, (46 N. Y. 23,) the action was brought to recover damages by one who had been wrongfully ejected from a railroad car by the conductor. · It was held that the railroad company was responsible in damages for the wrongful acts of its servants, if such acts were committed in the business of the company, and within the scope of the servant's employment, and this, though the servant had departed from his instructions in committing the act; and that it made no difference that there was justifiable cause to eject the passenger from the car, if excessive force was used in so doing. The case of Whitfield vs. The South Eastern Railway Company, (96 Eng., Com. Law R. 113) was an action brought by the plaintiff against the railroad company for a libel. It was charged in the declaration that the defendants were the proprietors of, and by their servants and agents managed and conducted, a certain system of electric telegraph, upon, along and over their line of railway, for the purpose of enabling, and so as to enable the defendants to transmit messages from one to another of their stations; and that defendants from time to time transmitted thereby, and had the care and custody of all messages transmitted; that the plaintiffs were bankers issuing notes, receiving deposits, &c.; that defendants before the commencement of the suit, wrongfully, falsely and maliciously, by means of such telegraphic dispatches sent to said several stations, published the said libelous matter complained of, &c.

The declaration was demurred to. It was held by the court that express malice was not necessary to be proved, that it was only requisite to prove the wrongful act, and malice would be implied, and at least as some of the counts imputed negligence in the transmission of the dispatches the demurrer ought to be overruled. It was also held in the case of The Philadelphia, Wilmington and Baltimore R. R. Co. vs. Quigley, (21 How., U. S. 202,) that the railroad company was liable in an action for a libel published by the directors of the company in the course of their business, which injuriously reflected on a stranger to the company. In the case of Colman vs. New York and New Haven Railroad Company, 106 Mass., 100, the plaintiff sued the company for injuries received by plaintiff, by an assault and battery committed by the servants of the defendant, in expelling the plaintiff from a car which he was wrongfully in, and from which they had a right to expel him. It was held by the court that the plaintiff could recover for injuries received by unnecessary violence used by said agents in his expulsion, by which he was damaged, although said violence was wilful on the part of the agent; and to the same effect is the case of Moore vs. Fitchburg R. R. Co., (4 Gray., 465.) And in a late case in California it has been held that "the directors of a corporation are its chosen representatives and constitute the corporation to all purposes of dealing with others; what they do within the scope of the objects and purposes of the corporations, the corporation does. If they do an injury to another, though it involves in its commission a malicious intent, the corporation must be deemed by imputation to be guilty of the wrong and answerable for it as an individual would be in such cases." (Maynard vs. Firemen's Fund Insurance Co., 34 Cal. 48) In the case of Goodspeed vs. The East Haddam Bank, (22 Conn. R., 530,) the action was founded on a statute of the State of Connecticut to prevent vexatious suits; but which was subject to the same general principles as actions on the case for malicious prosecutions at common law. The plaintiff charged that the defendant, the "East Haddam Bank," a corporation, without

probable cause, and with a malicious intent, unjustly to vex, harass, embarrass and trouble plaintiff, commenced by writ of attachment, and prosecuted against him, a certain vexatious suit for fraudulent representations to the injury of said Bank, and which action resulted in a verdict and judgment against the bank. It was held by the court that the action would lie and that the plaintiff could recover. So in the case of Goddard vs. Grand Trunk Railway, recently decided in Maine and published in the American Law Register January 1871, after a full and elaborate review of all of the cases on the subject, it was held that a corporation, a common carrier of passengers, is responsible for wilful misconduct of its servants towards a passenger, and that where the servants in charge of the car by which the passenger is being carried, grossly insult and assault the passenger thereon, and the company retain the servant in its employ, the company will be liable in exemplary damages.

I might refer to many other cases to the same purport of those already referred to, but it would be useless to do so. The cases already named are sufficient to show that a number of the most respectable authorities now assert that corporations are held to be liable for the wilful and malicious acts of their agents done in the course of their employment, and that for the wilful and malicious acts of their agents exemplary damages may be recovered.

This court following these recent decisions, in the case of Lewis Perkins vs. The Missouri Kansas and Texas Railroad Co., decided at the Jan. term 1874, ante p. 201 held, that the Railroad Company was liable for a wilful assault made on a passenger, by the conductor of the train, while ejecting him from the car for failing to pay his passage, and it was held in that case that where the conductor wilfully used unnecessary violence in ejecting the passenger, by which the passenger was injured, punitive damages could be recovered. It may therefore now be considered as settled, so far as this court is concerned, that where an agent of a railroad company, acting in the scope of his authority in the business of

the company, commits unnecessary acts of violence, in a wilful and malicious or wanton manner, and injury ensues therefrom, the company is liable for said wilful acts, and that in such case punitive damages may be recovered. It will be seen by reference to all of the cases before referred to, that the acts of the agents for which the corporations were held to be liable, were not only in the scope of the supposed authority of the particular agent committing the act complained of, but that the act done by the agent was done in the performance of business coming within the purview of the objects and purposes for which the corporation was created and the powers conferred by its charter. In the case before referred to in the Connecticut reports, which is the only case to which our attention has been called where an action for a malicious prosecution has been sustained against a corporation, the action complained of was a civil suit by way of attachment, brought by the corporation, in the name of the corporation, to recover for damages to the property rights of the corporation, which action it was charged had been brought and the plaintiff's property attached for the purposes of vexation, and maliciously brought without any probable cause &c., It is very clear that the action brought in that case came within the powers of the corporation to sue for injuries to its property, and if that power was abused and perverted to malicious purposes, it was properly held that the corporation should be held liable for whatever damages might result.

In the case under consideration we are asked to go one step further, and hold that a corporation for railroad purposes is liable for a malicious prosecution, instituted by its agents, against an individual, in the name of the State, for a crime committed against the laws of the State, without showing that any power was given to the corporation to engage in such prosecutions, or that it comes within the scope of its general powers or purposes. This we think cannot be done. It is true in this case that it is stated in the petition that the corporation caused the plaintiff to be arrested, and that it was in the scope of the power of the agents; but it must be recol-

lected that the stockholders of a corporation only constitute their directors and other officers, their agents in their corporate capacity, to bind them in such matters as come within the objects of their incorporation, and within the powers granted by their charter. When they act wholly outside of these objects and powers, the corporation is not bound. It is certainly not within any usual objects or powers of a railroad company to prosecute criminally offenders against the criminal laws of the State, and it is not pretended that any such power was ever specially conferred on the defendant in this case. And it can make no difference that the defendant in this case has set up in its answer that there was reasonable cause for the prosecution. (Mali vs. Lord, 39 N. Y. R., 381.)

The judgment is affirmed. Judge Adams dissents. The other judges concur.

Dissenting opinion of ADAMS, J.

I have not been able to give my assent to the result arrived at by the court. I fully concur in the arguments and illustrations of the learned judge, and the authorities by which they are supported. But in my judgment they ought to have led to a different result. It must be conceded on all hands that railroad companies are created and carried on mainly for the profits in money to be derived from them. They have the undoubted right to protect themselves in the enjoyment of their moneys and property. That they may maintain civil actions for the robbery of their treasury, or for the destruction of their property by incendiaries and others, there can be no dispute, but where such robbers and incendiaries are wholly insolvent, have they no authority to resort to the criminal laws for the protection of their property? May they not cause such persons as threaten to destroy their property to be arrested and compelled to give security for their good behavior? It would seem to be manifestly just, and within the scope of their corporate power, to allow them to use all means known to the laws to protect themselves from threatened danger. If they can thus protect themselves in advance,

why can they not use their own means to bring criminals to justice, who have robbed them or burnt up or destroyed their property? Must an outlaw be suffered to go free who has burned their depots, cars and bridges, simply because he is insolvent and a civil action would be unavailing.

In my opinion it is not only within the scope of their authority, but it would be their imperative duty to use their means in the prosecution of such offenders?

If that be conceded, and they should be guilty of instituting through the malice of their officials a wholly groundless prosecution, they ought to be liable to the party injured in an action for such malicious prosecution.