## Case No. 3,213.

COPLEY v. GROVER & BAKER SEWING-MACH. CO.

[2 Woods, 494.][1]

Circuit Court, S. D. Alabama. June Term, 1875.

MALICIOUS PROSECUTION BY CORPORATION.

A private corporation is liable in an action for malicious prosecution.

[Cited in Lewis v. Meier, 14 Fed. 313; Salt Lake City v. Hollister, 118 U. S. 262, 6 Sup. Ct. 1055.]

---

[1] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

This was a suit brought by the plaintiff against the defendant corporation to recover fifty thousand dollars damages for a malicious prosecution. The allegations of the complaint were: First, that the defendant maliciously, and without proper cause therefor, caused an affidavit to be made before G. M. Parker, mayor of Mobile, and ex officio justice of the peace, charging plaintiff with the crime of embezzlement, and causing a warrant to be issued by said G. M. Parker for the arrest of said plaintiff, and upon which warrant he was arrested and imprisoned for one day, viz: on the 1st day of October, 1872, and which said charge, and the prosecution thereof, by indictment of plaintiff before the city court of Mobile, was fully determined and ended on the 15th day of April, 1874, by the acquittal of plaintiff upon the trial of said charge and indictment before the city court of Mobile; and second, that the defendant maliciously, and without probable cause therefor, caused an indictment to be found by the grand jurors of the county of Mobile, impaneled by the city court of Mobile, at the February term, 1873, of said court, which indictment charged plaintiff with the crime of embezzlement, and said prosecution by indictment was ended on the 15th day of April, 1874, by the acquittal of plaintiff on the trial of said indictment in the city court of Mobile, and the plaintiff was thereupon discharged from said indictment and prosecution. A demurrer was interposed by the defendant to the complaint, the main ground of which was that the defendant, being a corporation, was not liable to be sued in an action for malicious prosecution.

E. H. Grandin and J. P. Southworth, for plaintiff.

D. C. Anderson and Thos. H. Herndon, for defendant.

BRUCE, District Judge. The authorities are very clear that in an action for malicious prosecution, two things are essential to be established by the plaintiff: (1) The absence of all probable cause for such a prosecution on the part of the defendant; and (2) that the prosecution was malicious. See 2 Greenl. Ev. § 453; 1 Hill. Torts, 420; Ewing v. Sandford, 21 Ala. 157.

The position of the defendant's counsel upon the demurrer is: That the action being for a malicious prosecution, into which malice enters as an essential element and ingredient, cannot be maintained, because the defendant is a corporation—an artificial person—a mere legal entity and creature of the law, and incapable of malice. In other words, there is no liability in an action like this, in which malice is the essential and distinguishing characteristic. In support of this position, a number of authorities were cited, chief among which is the case of Owsley v. Montgomery & W. P. R. Co., 37 Ala. 560. I have

examined this case with some care, and deem it proper in announcing the conclusion to which I have arrived, to make some comments in regard to it.

The judge, R. W. Walker, in delivering the opinion of the court in the case, says: "It was supposed at one time that an action for a tort would not lie against a corporation, but this idea was long since exploded, and the tendency of the law in our day is to extend the application of all legal remedies to corporations, and to assimilate them as far as possible in their legal duties and responsibilities to individuals." Accordingly, the justice proceeds to say: "The modern authorities have established the doctrine that trover, trespass quare clausum fregit, and trespass for an assault and battery, will lie against a corporation." Many authorities are cited in support of this doctrine, and the concluding sentence of the paragraph is: "And upon the same reasoning a corporation may be sued on trespass for false imprisonment." Now this shows the advance that has been made upon the old doctrine that an action for a tort would not lie against a corporation.

It seems now to be well settled that an action in trover, trespass, or for false imprisonment, will lie against a corporation, though it may not be settled, so well at least, that an action on the case for malicious prosecution will lie against a corporation. Malice is an ingredient in both kinds of actions, but the distinction is, that in the former, legal malice, as contradistinguished from express malice only, is necessary to maintain the action, while in the latter, express or actual malice must be alleged and proven. In the decision under consideration it is thus stated: "The distinction seems to be between acts injurious in their effects, and for which the actor is liable without regard to the motive which prompted them; and conduct, the character of which depends upon the 'motive, and which apart from such motive cannot be made the ground of legal responsibility." And the justice continues thus: "If this distinction is well taken, it would follow that since a corporation as such is incapable of malice, it is not liable to be sued for a malicious prosecution." The justice concludes his opinion in the following words, which seem to me to indicate some doubt in his mind as to the correctness of the conclusion to which he arrived (page 564): "And such appears to us to be the better opinion, although we are aware that there are authorities which seem to sustain the idea that an action for a malicious prosecution may be maintained against a corporation." And he cites authorities which he says seem to support this view, to which I have not had access, except one case, to which I shall presently refer. In a state court, I might feel bound by this decision, for though, as before intimated, it seems there is some doubt fairly inferable from the language of the judge as to his own convictions on the

subject, and another view is expressly recognized by him. Still the decision is made, and the counsel have cited it and other authorities from Alabama and elsewhere, which sustain the doctrine of that case, some of which, especially of the earlier decisions, do not go so far as the one now under consideration. This question involves the construction of no state statute or constitutional provision, but is a general principle of law, in the solution of which we are not bound by the decisions of the supreme court of our state, however able they may be

I now refer to the case of Philadelphia, W. & B. R. Co. v. Quigley, 21 How. [62 U. S.] 202, as holding a different doctrine from that claimed by the defendant's counsel in this case; and a different doctrine from the case of Owsley v. Montgomery & W. P. R. Co. [supra], and which is one of the references of Justice Walker, in the opinion in that case, which he says, "seems to sustain the idea that an action for a malicious prosecution may be maintained against a corporation." This was in the court below an action brought by Quigley, defendant in error, against the railroad company, for the publication of a libel. The opinion of the court in this case was delivered by Justice Campbell. In discussing the subject the justice says: "The powers of the corporation are placed in the hands of a governing body selected by the members, who manage its affairs, and who appoint the agents that exercise its faculties for the accomplishment of the object of its being. But these agents may infringe the rights of persons who are unconnected with the corporation, or who are brought into relations of business or intercourse with it. As a necessary correlative to the principle of corporate powers and faculties, by legal representatives, is the recognition of a corporate responsibility for the acts of those representatives." Again, he continues: "The result of the cases is, that for acts done by the agents of a corporation either ex contractu or in delicto, in the course of its business, and of their employment, the corporation is responsible as an individual is responsible under similar circumstances." This is not the same case as the one at bar. It is for the publication of a libel. This action is for a malicious prosecution; but, is not the principle the same? It will not be denied that malice enters into and is an element in slander or libel. Slander or libel is an injury inflicted with a wicked and malevolent motive, and malice seems to be as much an essential ingredient in an action for slander and libel, as is an action for malicious prosecution. If this is correct, then it follows that a corporation, being by this decision capable of malice to such an extent, as that a suit for the publication of libel can be maintained against it, then by parity of reasoning, a corporation is capable of malice to such an extent as that a suit for a ma-

licious prosecution can be maintained against it. It is proper to say that in this case, Justice Daniel dissents from the opinion of the court delivered by Justice Campbell, and the view of the subject which he presents is very much the same as that held by the defendant's counsel in this case. This doctrine is, I think, supported in the opinion of the court, in the case of State v. Morris & E. R. Co., 3 Zab. [23 N. J. Law] 360.

The case at bar, however, does not fall strictly within the principle decided in that case, which was that an indictment would lie against a corporation aggregate for a misfeasance or nonfeasance of duty. But when the justice, in delivering the opinion of the court, goes on to say, as he does, "that the result of the modern cases is that a corporation is liable civiliter for torts committed by its servants or agents precisely as a natural person," I think he may be justly regarded as supporting the view of the supreme court of the United States in 21 How. [62 U. S.]. In 2 Hill. Torts, 322, I find the same doctrine: "It may be added, as a rule perfectly established and applicable alike to all wrongs and forms of action, that corporations are liable for injury caused by unlawful acts and neglects of their servants and agents done in the course and in the scope of their employment, or where under like circumstances an individual would be liable, subject however to the following limitations: 'To render a corporation liable for the wrongful acts of its officers, it must appear that they were expressly authorized to do the act, and that it was bona fide done in pursuance of a general authority, in relation to the subject of it, or adopted or ratified by the corporation.'" With such examination of this subject as I have been able to give it, I think it is clear that the modern authorities have made a decided departure from the line of decisions in the earlier cases. The late decisions all recognize that an advance has been made from the old doctrine that corporations were not liable for torts.

It seems to be well settled that corporations are liable to indictment for nonfeasance and misfeasance of duty; also that they are liable to be sued in trespass in a civil action for false imprisonment, and to this point the decisions in Alabama and in other states have gone. But I am not content to rest here. The case cited from 21 How., and other authorities cited above, seem to me to go a step beyond, and to have reached the point that corporations are held for the wrongful and tortious conduct of their agents and employés, to the same measure of responsibility as natural persons. It is true a corporation is an intangible, impersonal thing. It has no hands of its own with which to commit crime, and no personal identity by which it can be arrested and taken into custody and punished. It can not, as a natural person, be guilty of

the higher grades of crime, such as treason, murder, perjury, but we have seen that it can be indicted for nuisance, misfeasances and nonfeasances of duty, and also that civil suits in trover, trespass on the case for false imprisonment, may be maintained against it even under the decisions in Alabama. Now can any good reason be given why it should not be held liable in an action on the case for a vexatious suit or malicious prosecution? The answer is, that a corporation is incapable of malice, and technically that may be true; but is it really and practically so? There must be a controlling and governing power in every corporation. This is usually found in a board of directors who are chosen by the members or stockholders, and this board in some way selects the officers and employés of the corporation. It is not true that a corporation has no mind. Its mind is the joint product of the minds of its officers and directory in a united organization, and in point of fact corporations bring into their service the highest order of ability and the best executive talent in the country. In one sense, it is true, they have no body, no tongue and no hands; but with able management and immense profits on business, they find tongues and hands swift to do their bidding. Does the fact of the aggregation of many persons together in a common enterprise, employing large capital, furnish us with any reason to believe that the persons who control and manage these great engines of power in society and government will not or may not sometimes use their power for improper or even malicious purposes? I think no one will say so, but rather the contrary. On this question there is, as we have seen in this brief review, some conflict of authority, but the tendency of judicial opinion is clearly marked, and even if it may not be admitted to be the settled law of the country, to my mind it is the better opinion; that actions for malicious prosecutions will lie against corporations aggregate.

The demurrer is overruled.