C. H. WILLIAMS v. PLANTERS' INSURANCE COMPANY ET AL.

1. MALICIOUS PROSECUTION.    *Trespass on the case.    Corporation.*
   A corporation is, like a natural person, liable to an action of trespass on the case for a malicious prosecution conducted by its officers and agents.

2. SAME.    *Misjoinder of counts.    False imprisonment.*
   That some counts in the declaration aver imprisonment in consequence of the prosecution, neither converts the action into trespass nor constitutes misjoinder.

ERROR to the Circuit Court of Lauderdale County.

Hon. J. S. HAMM, Judge, having been of counsel, J. C. ROBERTS acted as judge, *pro hac vice.*

The plaintiff in error filed against the Planters' Insurance Company and two other insurance companies a declaration containing the four following counts: (1) That the defendants, intending to injure and oppress the plaintiff and have him imprisoned, did without probable cause, on Feb. 12, 1876, procure to be issued by a Chancellor and Conservator of the Peace, a warrant for his apprehension upon a charge of the capital crime of arson in procuring a hotel to be burned, that he was wrongfully and unjustly arrested and placed in the common jail of the county, where he remained without bail until discharged upon a writ of *habeas corpus* sued out before a Circuit Judge, and

that the defendants well knowing the charge to be false, wholly abandoned it and have not further prosecuted; (2) the same as the first, except that it alleged that the plaintiff lay in the common jail two days, and suffered greatly in body and mind, that he expended a large sum in procuring his discharge and proving his innocence, and that he was prevented from following his lawful business for two years, and injured in his credit and circumstances; (3) that the defendants on May 19, 1876, falsely, maliciously and without probable cause, indicted and caused to be indicted the plaintiff, in the Circuit Court of Lauderdale County, for the crime of arson in setting fire to and burning the hotel in the night-time, and that the defendants, without any probable cause, prosecuted and caused to be prosecuted the indictment against him in said court, but that he has been fully acquitted of the accusation and discharged therefrom as will fully appear by the records of the court, that he expended money in defence, and has been driven from business, ostracised in society, and otherwise injured; (4) the same as the third, except it charges that the defendants, without probable cause, indicted and procured to be indicted the plaintiff for the crime of arson in burning the hotel with intent to injure the insurance companies which had insurance thereon. The damages are laid in this count, as in the others, at $20,000. The defendants' demurrer, which was sustained, stated as grounds, the misjoinder of two causes of action,— malicious prosecution, and false imprisonment; and that the defendants, being artificial persons, could not make an affidavit, sue out a warrant, or act maliciously.

*W. H. Hardy,* for the plaintiff in error.

1. There is no misjoinder of separate and distinct causes of action, but a joinder of several counts in one form of action, to-wit: An action of trespass on the case for malicious prosecution. Neither count is for false imprisonment. The allegation in the first and second counts, that the plaintiff was imprisoned in the county jail, is stated only as a fact by way of aggravation of damages. It is true that there are four counts in the declaration, each setting up a separate cause of action, but this practice is as old as the common law itself. Indeed, good pleading requires it. When the plaintiff has two causes

of action, which may be joined in one action, he ought to bring one action only ; and if he commences two actions, he may be compelled to consolidate them, and to pay the costs of the application. 11 Chitty Pl. 199, 200, notes ; *Ingraham* v. *Hall*, 11 Serg. & R. 78. The counts are for the separate and distinct torts committed by the defendants against the plaintiff, all of the same nature, all of the same form of action, all admitting of the same plea and the same judgment, and coming strictly within the rule.

2. An action for malicious prosecution will lie against a corporation. Coke and Blackstone say that a corporation being ideal and intangible cannot maintain nor be made defendant to an action for personal injuries, "for it can neither beat nor be beaten in its body politic." It cannot "be committed to prison, for no man can apprehend or arrest it." It cannot be outlawed. "Neither is it capable of suffering a traitor's or felon's punishment, for it is not liable to corporal penalties, nor to attainder, forfeiture or corruption of blood. It cannot be executor or administrator, or perform any personal duties ; for it cannot take the oath of office." For the same reason, we may add, it cannot be President of the United States. "Neither," says Blackstone, "can a corporation be excommunicated ; for it has no soul." 1 Black. Com. 477. That idea of a corporation is followed in the two cases chiefly relied on for the defendant in error: *Owsley* v. *Montgomery Railroad Co.*, 37 Ala. 560 ; and *Gillett* v. *Missouri Valley Railroad Co.*, 55 Mo. 315. The error in the counsels' position is in assuming, like some of the authorities which they cite, that evil intention in the corporation must be shown to maintain the action. This is not true. *Johnstone* v. *Sutton*, 1 T. R. 510 ; 2 Greenl. Evid. § 453 ; *Commonwealth* v. *Snelling*, 15 Pick. 321 ; *Vance* v. *Erie Railway Co.*, 3 Vroom, 334. Other cases cited by them hold that the company is not liable, because the prosecution is *ultra vires*. If that were true, every one would become incorporated, and plead *ultra vires* to suits for their torts. The venerable absurdity on which those views are based has, however, been superseded by an enlightened modern doctrine. A corporation is liable for an injury done by one

of its servants, in the same manner, and to the same extent only, as a natural person would be liable under like circumstances. Angell and Ames on Corp. §§ 386, 387. It may be sued and is liable in damages for breaches of its contracts or covenants and for its torts. 1 Field on Corp. 350. It is liable for the torts of its agents while acting within the general scope of their authority. *Philadelphia Railroad Co.* v. *Derby,* 14 How. 468 ; *Noyes* v. *Rutland Railroad Co.,* 27 Vt. 110 ; *Alabama Railroad Co.* v. *Kidd,* 29 Ala. 221; *Yarborough* v. *Bank of England,* 16 East, 6 ; *Bloodgood* v. *Mohawk & Hudson Railroad Co.,* 18 Wend. 9; *Dater* v. *Troy Turnpike Co.,* 2 Hill, 629; *Hale* v. *Union Mutual Fire Ins. Co.,* 32 N. H. 295 ; Redf. on Railways, 513 ; *Lowell* v. *Boston & Lowell Railroad Co.,* 23 Pick. 24. The reason of the rule is very clearly stated in Cooley on Torts, 122. The principle has been recognized in this State, as well as by the Supreme Court of the United States, and in England. *New Orleans Railroad Co.* v. *Bailey,* 40 Miss. 395; *Philadelphia Railroad Co.* v. *Quigley,* 21 How. 202; *Whitfield* v. *South Eastern Railway,* 96 Eng. Com. Law, 115. The application to a case like the one at bar is made in *Carter* v. *Howe Machine Co.,* 7 Law Reporter, 621; *Vance* v. *Erie Railway Co.,* 3 Vroom, 334; *Higgins* v. *Watervliet Turnpike Co.,* 46 N. Y. 23 ; *Maynard* v. *Fireman's Ins. Co.,* 34 Cal. 48; *Goodspeed* v. *East Haddam Bank,* 22 Conn. 530.

*John W. Fewell,* on the same side.

*Nugent & McWillie* for the defendants in error.

1. There is a misjoinder of counts in the declaration. The first is for false imprisonment, — imprisonment in which malice is not charged as an ingredient in the offence at all. The action is trespass on the case ; but an action of trespass is the proper remedy for a false imprisonment. *Stanton* v. *Seymour,* 5 McLean, 267 ; 2 Selwyn N. P. 915 ; *Crowell* v. *Gleason,* 1 Fairf. 325 ; 2 Chitty Pl. 847, 857. The third count is for malicious prosecution, in which the form of action is trespass on the case. 2 Selwyn N. P. 1061, *et seq.*; 2 Chitty Pl. 596, 600. Malice is the leading constituent in the offence, and must be averred in the declaration. 2 Chitty Pl. 600 ; 2 Selwyn N. P. 1062. This malice may be express

or implied, but to sustain any action of the kind there must be
(1) Malice of the defendant express or implied ; (2) Want of
probable cause; and (3) Injury sustained by the plaintiff by
reason of the malicious prosecution.   2 Selwyn N. P. 1065,
*et seq.*   The declaration must, therefore, allege that the prose-
cution was malicious and without probable cause, and these
facts must be shown on the trial, to warrant a recovery.
*Wiggin* v. *Coffin,* 3 Story, 1 ; *Cook* v. *Walker,* 30 Ga. 519;
*Jacks* v. *Stimpson,* 13 Ill. 701; *Cummings* v. *Parks,* 2 Ind.
148 ; *Olive* v. *Daugherty,* 2 G. Greene, 393 ; *Malone* v. *Murphy,*
2 Kansas, 250 ;  *McLean* v. *Cumberland Bank,* 24 Maine, 566 ;
*Stone* v. *Crocker,* 24 Pick. 81 ;   *Greenwade* v. *Mills,* 31 Miss.
464; *Moore* v. *Sauborin,* 42 Mo. 490 ; *Besson* v. *Southard,*
10 N. Y. 236; *McNeese* v. *Herring,* 8 Texas, 151; *Campbell*
v. *Threlkeld,* 2 Dana, 425 ; *Turner* v. *Walker,* 3 Gill. & J.
377 ; *Pangburn* v. *Bull,* 1 Wend. 345 ; *M'Cormick* v. *Sisson,*
7 Cowen, 715 ; *O'Driscoll* v. *M'Birney,* 2 Nott & McCord. 54 ;
*Stone* v. *Stevens,* 12 Conn. 219 ; *Young* v. *Gregorie,* 3 Call,
386 ; *Persons* v. *Hight,* 4 Ga. 474 ; *Hunter* v. *Wilkinson,* 44
Miss. 721 ; *Welch* v. *Jamison,* 1 How. 160 ; *Ragsdale* v. *Bowles,*
16 Ala. 62.   The case of *Greenwade* v. *Mills,* 31 Miss. 464,
determines that malice is the gist of this action.

2. A corporation cannot be sued for a malicious criminal
prosecution.   It is incapable of malice in criminal prosecu-
tions.  *Owsley* v. *Montgomery Railroad Co.,* 37 Ala. 560; *Gillett*
v. *Missouri Valley Railroad Co.,* 55 Mo. 315.   In the latter
case the court clearly illustrate the difference between
those cases in which an action would lie against the cor-
poration for the malice of its agents, and when not.   They
review all the cases in favor of the right to maintain the
action ; explain *Goodspeed* v. *East Haddam Bank,* 22 Conn.
530, as being founded on a statute of the State, and
the prosecution a civil suit by attachment, and conclude
that the action brought in that case came within the powers
of the corporation to sue for injuries to its property, and
if that power was abused and perverted to malicious pur-
poses, it was properly held that the corporation should be
held liable for whatever damages might result.   As thus
explained the case of *Goodspeed* v. *East Haddam Bank,*

*ubi supra*, is not in point. In *Vane* v. *Erie Railway Co.*, 3 Vroom, 334, it does not appear whether the prosecution complained of was criminal or civil, and in *Childs* v. *Bank of Missouri*, 17 Mo. 213, the court denied the liability.

CAMPBELL, J., delivered the opinion of the court.

The objection to the declaration for misjoinder is not well taken. We have compared the declaration with approved precedents of declarations in case for malicious prosecution, and it conforms to them. The averment of the imprisonment of the plaintiff, in consequence of the malicious prosecution, did not convert the action into trespass for false imprisonment, even under the absurd refinements of the common law pleaders in their subtle distinctions between trespass *vi et armis* and case.

The real question of substance presented by the demurrer is, whether a corporation aggregate is liable to an action for malicious prosecution. The old doctrine was that a corporation was not so liable, because malice is the gist of the action, and it was said, that malice could not be imputed to a mere legal entity, which having no mind could have no motive, and, therefore, no malice, and this narrow view still prevails to some extent. But the steady process of judicial evolution has led to the establishment, in some of the courts, of the just doctrine of the civil responsibility of a corporation for the acts of the sentient persons who represent it, and through whom it acts, and of the liability of a corporation for the acts of its agents, under the conditions that attach to individuals. *Philadelphia Railroad Co.* v. *Quigley*, 21 How. 202; *Goodspeed* v. *East Haddam Bank*, 22 Conn. 530; *Vance* v. *Erie Railway Co.*, 3 Vroom, 334; *Copley* v. *Grover & Baker Sewing Machine Co.*, 2 Woods, 494; *New Orleans Railroad Co.* v. *Bailey*, 40 Miss. 395. We approve this doctrine, and hold that a corporation may be held liable for a malicious prosecution conducted by its officers and agents, just as if the corporation was a natural person.

*Judgment reversed, demurrer overruled and cause remanded.*