BOOGHER, *Appellant*, v. THE LIFE ASSOCIATION OF AMERICA.

**Corporations: MALICIOUS PROSECUTION.** A corporation is liable to an action for malicious prosecution instituted by its authority. *Gillett v. Mo. Valley R. R. Co.*, 55 Mo. 315, overruled.

*Appeal from St. Louis Court of Appeals.*

REVERSED.

*Marshall & Barclay* for appellant, cited, in addition to the cases referred to by the court in the opinion, *Johnson v. Dispatch Co.*, 65 Mo. 539; *Barrett v. R. R. Co.*, 3 Allen 101; *R. R. Co. v. Broom*, 6 Exch. 314; *Maynard v. Ins. Co.*, 34 Cal. 48; *Higgins v. Turnpike Co.*, 46 N. Y. 23; *Moore v. Fitchburg*, 4 Gray 465; *Bank v. Rogers*, 125 Mass. 339; *R. R. Co. v. Trans. Co.*, 83 Pa. St. 160; *State Board v. R. R. Co.*, 47 Ind. 407; *Darst v. Gale*, 83 Ill. 136; Cooley on Torts, p. 119; *Whitney v. Wyman*, 101 U. S. 392; *Turner v. R. R. Co.*, 51 Mo. 501; *Perkins v. R. R. Co.*, 55 Mo. 201; *Thornton v. Bank*, 71 Mo. 221.

*Chas. A. Davis* and *A. R. Taylor* for respondent.

NORTON, J.—This is an action for malicious prosecution, the petition alleging that " at all the times hereinafter mentioned the defendant was and now is a corporation, organized, existing, etc., by virtue of the laws of Missouri, * * and as such, at all times mentioned herein, had power * * to sue and be sued, complain and defend, * * prosecute and plead in any court of law or equity * * ; that said corporation * * . maliciously * * on the 3rd day of July, 1875, * * caused to be made and filed by its president, acting therein in the line and scope of his duty and authority as such president, a certain affidavit or information * * wherein the said defendant * * falsely and maliciously and without probable cause whatsoever, charged and caused plaintiff to be charged with the crime of criminal libel upon said corporation; * * that defendant * * appeared before said court * * by agents, officers and attorneys, alleging and repeating the said false and malicious charges * * ; that said malicious

* * prosecution of plaintiff was instituted by defendant acting by and through its board of directors in legitimate exercise of its statutory power as such board, to prosecute * * such action as it might deem advisable * * ; and that defendant employed at an enormous fee and charge three several attorneys *
* to aid the regular attorneys of the corporation in the said prosecution of plaintiff, . * * and certain detectives were * * paid by defendant to furnish * * evidence, etc., * * ; that afterward, defendant ratified, confirmed and made its own, the acts hereinbefore recited, by regularly allowing, auditing and paying, as such corporation, and in the legal and regular exercise of its corporate powers to transact such business, certain attorneys * * who had been specially hired to, and had prosecuted plaintiff, as hereinbefore set forth, divers large sums of money as fees for their professional services in said prosecution of plaintiff; * *
and * * by retaining said informant as its president up to the present time," etc. The usual allegations of malice, want of probable cause, arrest, discharge, final termination of proceedings in favor of the plaintiff, and of damage, general and special, appear. Defendant demurred to the petition, which being sustained, plaintiff appealed to the St. Louis court of appeals, where the judgment of the circuit court was affirmed, from which judgment of affirmance he appeals to this court.

The sole question presented on the record is, whether or not a suit for malicious prosecution can be maintained against a private corporation. The learned judge who delivered the opinion of the court of appeals affirmed the judgment on the authority of the case of *Gillett v. Mo. Valley R. R. Co.*, 55 Mo. 315. That case unquestionably authorized the conclusion announced in the opinion of the court of appeals. It is, however, insisted by counsel for plaintiff that the principle of that case is not in harmony with the rule of corporate liability as laid down by the

21—75

courts of this country and England, and that it should, therefore, be reconsidered and overruled.   An examination of the authorities has satisfied us that the point made by counsel is well taken.

Before proceeding to review the authorities bearing upon the question, it may be well to observe that it will be seen from the petition that the alleged malicious prosecution was instituted by defendant through its president for libel on the company itself; that the complaint was made by the president in compliance with and in obedience to an order and resolution of the board of directors; that the expenses of the prosecution were paid by the company, and that it fully ratified all that was done in the premises.

That a person guilty of libeling a private corporation may be called upon to answer for the wrong civilly and criminally, is sustained not only by authority, but by reason.   *State v. Boogher*, 3 Mo. App. 442; 2 Bish. Crim. Law, § 934; Whart. Crim. Law, § 2540; 23 N. J. L. 407; 9 Minn. 133.   It would seem on principle that a corporation should have the same right to protect itself against such a wrong as an individual.   It is within the range of probability that the business and interests of a corporation might be as effectually destroyed by a libel upon it as by the destruction of all its property by the torch of an incendiary.   To restrict the right of a corporation to redress for such wrongs and to protection against their commission simply to a civil action against the wrongdoers would certainly afford them neither protection from nor redress for such wrongs in all that class of cases where the party sued is insolvent, and, therefore, unable to respond by the payment of damages which might be recovered, and would virtually put corporations completely in the power of the libeller and incendiary.

Where, however, the officers of the corporation, as in the case before us, acting by its authority, institute a criminal proceeding for a libel upon it, it is subject to the same

liabilities and responsibilities, which would be incurred by an individual who might commence and carry on such a prosecution, and if instituted without probable cause and maliciously, it would subject itself to an action for malicious prosecution. This position is sustained by the following authorities: Mr. Cooley, in his work on Torts, pages 119 and 121, observes that "Corporations are responsible for the wrongs committed or authorized by them under substantially the same rules which govern the responsibility of natural persons. It was formerly supposed that those wrongs which involved the element of evil intent, such as batteries, libels and the like, could not be committed by corporations, inasmuch as the State in granting them rights for lawful purposes, had conferred no power to commit unlawful acts; and such torts committed by corporate agents, must consequently be *ultra vires* and the individual wrong of the agents themselves. But this idea no longer obtains. * * The same reason that sustains an action against a corporation for a libel would sustain one for malicious prosecution, and though there are cases which hold that no such action can be supported, the better doctrine we should say was that laid down by some other courts which have sustained such actions. A corporation may also be liable for false imprisonment under circumstances corresponding to those which would sustain an action for any other forcible wrong." The cases cited in support of the statement made in the text " that there are cases which hold that no such action can be maintained," are *Childs v. Bank of Mo.*, 17 Mo. 213, and *Ousley v. Montgomery R. R. Co.*, 37 Ala. 560. The broad doctrine announced in the case of *Childs v. Bank of Mo.*, has since been expressly disapproved in the case of *Gillett v. Mo. Valley R. R. Co.*, *supra*, and the case in 37 Ala. is in effect overruled by the case of *South and North Ala. R. R. Co. v. Chappell*, 61 Ala. 529.

The same doctrine is also announced in Green's Brice's Ultra Vires, page 356, note "A," and the case of *Gillett v.*

*Mo. Valley R. R. Co.*, is criticised as not being in line with the authorities. In 2 Waite's Actions and Defenses the principle is stated thus: "A corporation is liable to the same extent and under the same circumstances as a natural person for the commission of its wrongful acts, and for the acts and negligence of its agents while engaged as such; and it will be held to respond in a civil action at the suit of a party injured, for every grade and description of forcible, malicious and negligent tort it commits, however foreign to its nature or beyond its granted powers it may be." In the case of *National Bank v. Graham*, 100 U. S. 702, it was observed that "Corporations are liable for every wrong they commit, and in such cases the doctrine of *ultra vires* has no application. They are also liable for the acts of their servants while such servants are engaged in the business of their principal, in the same manner and to the same extent that individuals are liable under like circumstances. An action may be maintained against a corporation for its malicious or negligent torts, however foreign they may be to the object of its creation, or beyond its granted powers. It may be sued for assault and battery, for fraud and deceit, for false imprisonment, for malicious prosecution, for nuisance and for libel." It is also expressly held in the following cases that an action for malicious prosecution can be maintained against a corporation: *Copley v. Machine Co.*, 2 Woods 494; *Ricord v. Central Pacific R. R. Co.*, 15 Nev. 167; *Vance v. Erie R'y Co.*, 32 N. J. L. 334; *Williams v. Insurance Co.*, 57 Miss. 759; *s. c.*, 34 Am. Rep. 494; *Walker v. R. R. Co.*, L. R., 5 C. P. 640; *Carter v. Howe Machine Co.*, 51 Md. 290; *s. c.*, 34 Am. Rep. 311; *Fenton v. Machine Co.*, 9 Phila. 189. In the case last above cited the subject is exhaustively considered, and the language of Gibson, C. J., in the case of the *Cumberland Valley R. R. Co. v. Baab*, 9 Watts 458, is approvingly quoted, where it is said: "That a corporation, in all cases within the scope of its legitimate functions, may act as a natural person may act, and the rule of corporate responsibility has

kept even pace with the growth of their powers, and the enlargement of their spheres of action, not only in regard to the enforcement of contracts, but also in making them amenable to personal actions for their torts, and holding them to the same measure of responsibility in these respects to which natural persons are held. Had this not been so, their existence would have become an evil too intolerable to be borne." So in the case of *Chestnut Hill & Spring House Turnpike Co. v. Rutter*, 4 S. & R. 11, where it was argued that a corporation could not commit a tort, Mr. Binney observed : " If a corporation be the intangible being it is asserted to be, a greater and more mischievous monster cannot be imagined. According to the doctrine contended for, if they do an act within the scope of their corporate powers, it is legal, and they are not amenable for it. If the act be not within the scope of their legitimate powers, they had no right to do it; it was not one of the objects for which they were incorporated, and, therefore, it is no act of the corporation at all. This doctrine leads to absolute impunity for every species of wrong, and can never be sanctioned by any court of justice." In the case in 9 Phila., *supra*, it was held that an action for malicious prosecution would lie against a corporation, and that to maintain such action it is not necessary to show an express authority from the corporation to its agents to institute the prosecution and carry it on, but that it is sufficient to show that the prosecution was commenced and carried on by agents of the corporation in its interest and for its benefit, and that they acted within the scope of the authority conferred upon them by the corporation.

In the case before us the petition alleges that the prosecution was instituted by the command of the corporation acting through its directors, that two attorneys in addition to the regular attorney of the company were employed and paid by the company to carry it on, and that all that was done in the premises was ratified and approved. We are, therefore, of the opinion that the demurrer to the petition

was not well taken, and that the court erred in sustaining it. The case of *Gillett v. Missouri Valley R. R. Co.*, 55 Mo. 315, being in conflict with the overwhelming weight of authority, is hereby overruled. Judgment reversed and cause remanded, in which all concur.