THE WHEELER & WILSON MANUFACTURING COMPANY, *et al.*, v. JACOB F. BOYCE.

1. CORPORATIONS; *Torts; Liability; Exemplary Damages*. Corporations may be held liable for torts involving a wrongful intention, such as false imprisonment; and exemplary damages may be recovered against them for the wrongful acts of their servants and agents done in the course of their employment, in all cases and to the same extent that natural persons committing like wrongs would be held liable.

2. INSTRUCTION — *Withdrawal, Beneficial to Defendant*. Where the court, in an action for false imprisonment, gave the jury an instruction permitting them to award exemplary or punitive damages to the plaintiff upon testimony justifying such damages; and subsequently recalled the jury and withdrew from them that instruction, making no other modification in the charge; and denied the application of the defendants to further address the jury after the instruction had been withdrawn: *Held*, That the ruling of the court in withdrawing the instruction, although erroneous, was beneficial to the interests of the defendants; and there can be no reversal unless the erroneous ruling is injurious to the party complaining.

3. CORPORATION, *Liable for Torts of Agent*. A corporation is responsible for the tortious acts of its agent done in the line of his employment and in the execution of the authority conferred, although such corporation did not directly authorize the wrong action or subsequently ratify it.

4. CONTEMPT — *Notice; Opportunity to Defend; Void Judgment*. The proceeding authorized by ¿ 69 of the justices code is incidental to the action of replevin, and virtually provides for the punishment of a contempt, but the punishment therein provided cannot be inflicted without giving the party accused notice of the proceeding and an opportunity to defend; and a final judgment under that section committing a party for contempt without giving him notice or allowing him a hearing and an adjudication upon the merits of the charge, is illegal and void.

5. DAMAGES, *Not Excessive*. The facts and circumstances of the case reviewed, and the award by the jury of one thousand dollars as damages for the wrong and injury inflicted by the false imprisonment is held to be fully justified, if not too small.

*Error from Shawnee District Court.*

ACTION by *Boyce* against *The Wheeler & Wilson Manufacturing Company* and two others, to recover damages for false

imprisonment. Trial at the April Term, 1884, and judgment for plaintiff for $1,000, with interest and costs. The defendant *Company* and its agent *Baker* bring the case to this court. The opinion states the facts.

*Waters & Ensminger,* for plaintiffs in error.

*G. N. Elliott,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: This is a proceeding to reverse a judgment rendered in an action for false imprisonment, brought by Jacob F. Boyce against the Wheeler & Wilson Manufacturing Company, C. S. Baker, and J. W. Hughes. Hughes was dismissed from the action, and the judgment went only against the plaintiffs in error. The facts upon which the case was disposed of are substantially these: The Wheeler & Wilson Manufacturing Company, a corporation organized for the manufacture and sale of sewing machines, was engaged in business at Topeka, Kansas, and C. S. Baker was its general agent at that place. The company had sold a sewing machine to Mary Hatfield, who subsequently married Jacob F. Boyce, the defendant in error. She paid a part of the purchase-money, and signed a contract in substance that the title to the machine should remain in the company until the balance of the purchase-money was paid. In November, 1881, the company directed its general agent to bring an action of replevin against Mary Boyce to recover the machine, claiming that there was a balance due thereon, a claim which she denied. An action of replevin was begun before a justice of the peace, and a writ was issued and placed in the hands of Constable Hughes, who reported that he had made search for the machine and was unable to obtain possession of it. C. S. Baker, the agent of the company, then directed Hughes to make and file an affidavit before the justice of the peace, alleging that Mary Boyce and her husband Jacob F. Boyce were in possession of the machine and had refused to deliver it to him, and thus obtain

a warrant for their arrest. This was done, and the justice issued a warrant to the constable commanding him to arrest Boyce and his wife and commit them to the Shawnee county jail, there to remain until they should deliver the machine. Under this warrant Jacob F. Boyce was arrested and placed in jail without being taken before the justice and without any examination, hearing, or trial. The constable informed the general agent of the company that he had arrested Boyce and placed him in the county jail as requested, and Baker replied, "Now I guess he will give up the machine." The replevin action resulted in a judgment in favor of Mary Boyce. Jacob F. Boyce was held in the county jail for ten days, and was never taken before any court or officer for examination or trial, and was finally discharged at the instance of the plaintiffs in error, and he became sick in consequence of his confinement. He at once instituted this action, and the jury awarded him damages in the sum of one thousand dollars, and the verdict was approved by the trial court. The plaintiffs in error complain chiefly of the rulings of the court in the matter of charging the jury. The jury were instructed that if the evidence justified it they could find exemplary damages or smart-money against the defendants. After the jury had been out some time and had practically agreed upon their verdict, the court recalled them and advised them that he was in error in giving the instruction that they might in their discretion assess exemplary damages, and withdrew it from the jury, telling them that in their deliberations they should not consider the instruction withdrawn. Objection was made to the withdrawal of the instruction, and an application of plaintiffs in error for leave to address the jury after the modification had been made was denied, and this ruling is assigned as error. This decision affords the plaintiffs in error no ground for complaint. The action of the court was favorable rather than prejudicial to their interests. The instruction given was predicated upon sufficient facts, was warranted under the law, and the defendant in error alone had reason to complain of its withdrawal. It

is a well-established principle of jurisprudence, that corpora-

**1. Corporations; torts; liability; exemplary damages.** tions may be held liable for torts involving a wrong intention such as false imprisonment, and exemplary damages may be recovered against them for the wrongful acts of their servants and agents done in the course of their employment, in all cases and to the same extent that natural persons committing like wrongs would be held liable. In such cases the malice and fraud of the authorized agents are imputable to the corporations for which they acted. This principle is too well settled to require argument, and the authorities sustaining it are numerous and well-nigh unanimous. (*Railroad Co. v. Slusser,* 19 Ohio St. 157; *A. & G. W. Rld. Co. v. Dunn,* 19 id. 162; *Goddard v. Grand Trunk Rly.,* 57 Me. 202; *Railroad Co. v. Quigley,* 21 How. 213; *Railroad Co. v. Arms,* 91 U. S. 489; *Railroad Co. v. Bailey,* 40 Miss. 395; *Railroad Co. v. Blocher,* 27 Md. 277; *Hopkins v. Railroad Co.,* 36 N. H. 9; *Railroad v. Hammer,* 72 Ill. 353; *Reed v. Home Savings Bank,* 130 Mass. 443; *Fenton v. Sewing Machine Co.,* 9 Phila. 189; *Goodspeed v. East Haddam Bank,* 22 Conn. 530; *Boogher v. Life Ass'n of America,* 75 Mo. 319; *Wheless v. Second National Bank,* 1 Bax. 469; *Jordan v. Railroad Co.,* 74 Ala. 85; *Williams v. Insurance Co.,* 57 Miss. 759; *Vance v. Railway Co.,* 32 N. J. L. 334; Cooley on Torts, 119; 3 Sutherland on Damages, 270, and cases cited; 2 Wait's Actions and Defenses, 447, and cases cited.) The same doctrine has been fully recognized on several occasions by this court. (*L. L. & G. Rld. Co. v. Rice,* 10 Kas. 437; *M. K. & T. Rld. Co. v. Weaver,* 16 id. 456; *K. P. Rly. Co. v. Kessler,* 18 id. 523; *K. P. Rly. Co. v. Little,* 19 id, 269; *Western*

**2. Instruction— withdrawal, beneficial to defendant.** *News Co. v. Wilmarth,* 33 id. 510.) The withdrawal of the instruction, although erroneous, was beneficial to the plaintiffs in error; and there can be no reversal unless the erroneous ruling is injurious to the party complaining.

It is next contended that the company cannot be held liable for the wrongful acts of Baker and the constable; and an instruction is challenged which holds that if the agent of the

23 — 36 KAS.

company caused and procured the illegal arrest and detention
of the defendant in error as charged, the company and its
agents were both liable.    Baker was the managing agent of
the company, his authority was general, and the constable
acted wholly under his direction and sanction.   He had not
only authority to sell machines and collect the money due for
the same, but it is conceded that he had authority to institute
legal proceedings to recover possession of the machines condi-
tionally sold and for which payment had not been made in
accordance with the terms of the sale.    The arrest and deten-
tion of Boyce was incidental to the replevin action, and was
made as alleged to compel the delivery of the machine under
a provision of the justices code relating to replevin, which
provides that where the defendants or any other persons know-
ingly conceal the property replevied, or, having the control
thereof, refuse to deliver the same to the officer, they may be
committed until they disclose where the property is, or deliver
the same to the officer. (Comp. Laws of 1879, ch. 81, § 69.)
He had full authority to represent the company, and whatever
was done by him was done for the benefit of the company
and for the accomplishment of its purpose.   His act, although
wrongful, was in the line of his employment, was done in the
execution of the authority conferred upon him,
and must be regarded as the act of the company.

**3. Corporation, liable for torts of agent.**

To make the corporation responsible it is not nec-
essary, as plaintiffs in error contend, that the principal should
have directly authorized the particular wrongful act of the
agent, or should have subsequently ratified it.   Judge Story,
in treating of the liability of principals for the acts of their
agents, says that —

"The principal is held liable to third persons in a civil suit
for the frauds, deceits, concealments, misrepresentations, torts,
negligences, and other *malfeasances or misfeasances and omis-
sions* of duty of his agent in the course of his employment,
although the principal *did not authorize or justify or partici-
pate in or indeed know of such misconduct, or even if he forbade
or disapproved of them.*"

And to sustain this he cites numerous authorities. "In all such cases," he says, "the rule applies, *respondeat superior,* and it is founded upon public policy and convenience, for in no other way could there be any safety to third persons in their dealings either directly with the principal or indirectly with him through the instrumentality of agents." (Story on Agency, § 452.)

They complain further of an instruction in which the court stated that the warrant under which Boyce was taken and held in custody was illegal and void, and insufficient in law to justify his arrest and imprisonment. The warrant, as we have seen, was issued upon an affidavit charging Boyce with having control of the property replevied, and of refusing to deliver it to the officer who had the writ. There was no process issued except the warrant, and it commanded that he be committed at once to the county jail until he should deliver the property to the officer. No notice was given to him that the charge stated in the affidavit had been made against him, nor was an opportunity given him to refute it. The order of commitment was not based upon any examination, hearing, or trial, but was arbitrarily made in the absence of Boyce upon an *ex parte* statement. The plaintiffs in error attempt to justify this action, though not seriously we think, under § 69 of the justices code already referred to, which reads as follows :

"Whenever it shall be made to appear to the satisfaction of the justice, by the affidavit of the plaintiff or otherwise, that the defendant or any other person knowingly conceals the property sought to be recovered, or, having control thereof, refuses to deliver the same to the officer, the justice may commit such defendant or other person until he or they disclose where such property is, or deliver the same to the officer."

The proceeding authorized by this statute is virtually one for the punishment of contempt. Whether a party is to be brought before the justice of the peace upon a notice or by attachment, or what the initial proceeding shall be, is not expressly provided. The section quoted does provide what punishment shall finally be visited upon a party; but this pun-

ishment is not to be administered until the guilt of the party is "made to appear to the satisfaction of the justice." This language implies that there is to be a hearing and an adjudication of the charge upon its merits. When a contempt is committed *in facie curiæ* the punishment is generally summary, and no initial proceeding is required; but when it is not committed in the view of the court the initial proceedings are necessary, and the party must have notice and opportunity to defend. The most common initial process is a rule or order to show cause why an attachment or warrant for contempt should not issue, of which service should be made; and in a proceeding to punish for criminal contempt, personal notice of the accusation is indispensable. Whatever procedure may be adopted, it is certain that a party cannot be condemned without notice; and a final judgment rendered, as was done in this case, without a hearing or an opportunity to defend, is void. (Rapalje on Contempt, § 96.) While the language of the statute is not very explicit, it does not require the interpretation contended for, and if it did it would necessarily be held void.

4. Contempt—notice; opportunity to defend; void judgment.

The final error assigned is, that the damages awarded are excessive. This assignment is as groundless as those already considered. The case is an aggravated one, and the conduct of the plaintiffs in error exhibited a wanton and reckless disregard of the rights of the defendant in error. He was not a party to the replevin action; and the testimony is, that the machine in controversy was purchased long before he was married to the plaintiff in that action, and that he had no interest in or control over it. He was thrust into jail without warning or trial when there was no civil or criminal suit pending against him, and kept there for ten days with seventeen or eighteen prisoners who were either charged with or convicted of crime. The sewing machine sought to be recovered from his wife had been paid for, and belonged absolutely to her; and plaintiffs in error, with knowledge of this fact, undertook to compel the payment of money not due, or the recovery of property

which they did not own, by the arrest and incarceration of the defendant in error without cause, and in a manner that was clearly illegal. Apart from the loss of time and interruption to his business, as well as the humiliation and indignity suffered by him by being thrust into jail upon a false charge, it appears that the confinement resulted in his sickness; and when we consider the malicious and oppressive conduct of the plaintiffs in error, and that the case is one which calls for the infliction of exemplary or punitive damages, we can only conclude that the verdict of one thousand dollars in favor of the defendant was fully justified, if not too small. We can say without hesitation, that an award of a larger amount would not have been disturbed on the ground that it was excessive.

5. Damages, not excessive.

It follows that the assignments of error must be overruled, and the judgment of the district court affirmed.

All the Justices concurring.