# CLEVELAND CO-OPERATIVE STOVE COMPANY ET AL.

## V.

# PETER KOCH.

*Malicious Prosecution—Act of Agent—Liability of Principal—Scope of Employment.*

1. The duty or authority of an agent can not be extended by his understanding of either.

2. An agent authorized to bring suits can not charge his principal with his own malicious acts in setting in motion the criminal procedure of the State, from any legitimate result of which the principal can receive no benefit, and if the agent's intention is to derive to his principal a benefit from the abuse of the process, the principal is not thereby charged.

[Opinion filed January 16, 1891.]

APPEAL from the Circuit Court of Cook County; the Hon. GEORGE DRIGGS, Judge, presiding.

Messrs. EDWARD OWINGS TOWNE and SMITH, HELMER & MOULTON, for appellants.

Messrs. WEIGLEY, BULKLEY & GRAY, for appellee.

GARY, J.   This is an action for malicious prosecution against an Ohio corporation and a Cook county constable.

The corporation is charged with being responsible for the acts of Baldwin, their Chicago agent, who was joined as a defendant, but died before the trial.  He was the agent to conduct the business here, to sell goods, make contracts, and collect money due.   There was testimony that Baldwin had once brought a suit on behalf of the company, but none that the company knew it, or had ever given him authority to bring suits.   But if they had given such authority, he would not be thereby authorized to charge the corporation with his own malicious acts in setting in motion the criminal procedure of the State, from any legitimate result of which the corporation could derive no benefit.   And if his motive was to derive to the corporation a benefit from the abuse of the process, the corporation is not thereby charged.   The act was not within the scope of his agency.   The case is not distinguishable from Springfield E. & T. Co. v. Green, 25 Ill. App. 106, on this point.

Wheeler, etc., Co. v. Boyce, 36 Kan. 350, relied upon by the appellee, is no authority for him.   Baker, for whose act the company was there charged, had full authority from the company to prosecute replevin suits, and the arrest complained of was in Kansas a statutory incident in aid of the replevin suit.

The court instructed the jury, in substance, that if Baldwin was the agent in Chicago of the business of the corporation in Chicago, and that the prosecution was in the line of his duty, as he understood it, for the purpose of benefit to the corporation and not for any object personal to himself, the corporation was liable for his acts.

His duty or authority in fact was not extended by his understanding of either.   Without noticing other matters, for this error the judgment must be reversed and the cause remanded.

*Reversed and remanded.*