Snyder v. Han. & St. Jo. R. R. Co.

ELIZABETH SNYDER, Appellant, vs. THE HAN. & ST. JOS. R. R. Co., Respondent.

1. *Master and servant—Master liable for tortious acts of servant in line of his employment—Averments as to.*—The rule is firmly established that the master is civilly liable for the tortious acts of his servants whether of omission or commission, and whether negligent, fraudulent or deceitful, when done in the course of his employment, even though the master did not authorize or know of such acts, or may have disapproved of or forbidden them. (Garretzen vs. Duenckel, 50 Mo., 104.) But the act must be done not only while the servant is engaged in the service he is employed to render, but it must pertain to the particular duties of that employment, and this fact must be made to appear from the plaintiff's petition. And a general averment that the acts of the servant were in the range of his employment is a conclusion of law and not sufficient.

2. *Railroad—Damage to child injured while getting on car after invitation of employee—Liability of company.*—A railroad company will not be held liable for injuries received by a child while attempting to get upon one of its cars, in consequence of an invitation from one of its servants in charge of the car, where the evidence shows no authority on the part of the servant to permit persons to ride on the car, and it does not appear that the invitation or permission were in furtherance of the interests of the road, or connected in any manner with the service which the servant was employed to render.

*Appeal from Buchanan Circuit Court.*

*Hill & Carter,* for Appellant.

I. The duty of the employees in charge of the train required that they should caution the boy to keep away and resist his getting upon the train. (Kline vs. Cen. Pac. R. R. Co., 37 Cal., 400; Lovett vs. Salem, etc., R. R. Co., 9 Allen, 557; Cook vs. Champlain, 1 Denio, 91; Davis vs. Mann, 10 Mes. & W., 545; Lynch vs. Nurdin, 1 Ad. & Ell., N. S. 29; Beers vs. Housatonic R. R., 19 Conn., 566; Robinson vs. Cone, 22 Vt., 213; Byrne vs. Goodman, 19 Conn., 507.)

II. A master is bound by the acts of his servant in the line and scope of his employment. (Ramsden vs. Boston & Albany R. R. Co., 104 Mass., 117, and cas. cit.; L. M. & R. Co. vs. Wetmore, 19 Ohio St., 131.) And it is immaterial that said employees acted contrary to instructions. (9 Am. R., p. 11 and cas. cit.; Phil. & Read. R. R. Co. vs. Derby, 14 How., 468–483; Whart. Negl., § 171, and cas. cit.)

| 60 | 413 |
| 96 | 302 |
| 32a | 382 |
| 33a | 258 |
| 60 | 413 |
| 36a | 99 |
| 60 | 413 |
| 40a | 661 |
| 60 | 413 |
| 43a | 411 |
| 60 | 413 |
| 49a | 649 |
| 60 | 413 |
| 116 | 92 |
| 60 | 413 |
| 121 | 585 |
| 124 | 288 |
| 59a | 363 |
| 60 | 413 |
| 126 | 336 |
| 128 | 637 |
| 60 | 413 |
| 64a | 575 |
| 60 | 413 |
| 71a | 600 |
| 71a | 609 |
| 60 | 413 |
| 94a | 1463 |

III. The master is liable in a civil action. (Redding vs. S. C. R. R. Co., 3 S. Car. [U. S.] 1 ; Winterson vs. Eighth A. R. R. Co., 2 Hilt., 389.)

IV. The boy, in accepting the invitation of those in charge of the train to jump upon the car to ride with them, was not a trespasser. (Am. R., vol. 9, p. 11 ; cited 107 Mass., p. 108, and cas. cit.)

V. It makes no difference that he was a passenger without hire and may have been received or induced to get upon the train in violation of orders. Still the defendant would be liable. (107 Mass., 108, above cit.)

VI. Whenever servants deal with persons as passengers while acting within the line of their duty, as is charged in the petition, the master is responsible for their acts civilly, even if their acts be acts of positive malfeasance or misconduct. (Pass. R. R. vs. Young, 21 Ohio, 518 ; Am. R., vol. 8, cas. cit.)

*M. Oliver*, for Respondent.

I. It is not stated in the petition, whether the train was passenger or freight, or whether respondent's employees, induced or encouraged appellant's son to jump on said train, or what business was transacted by said train. These facts should be pleaded.

II. To make respondent liable, the petition should show that the act of employees, which caused or led to the injury, was lawful, but performed in a negligent or careless manner ; and that the boy was injured in consequence. If the act itself was unlawful, it was as a legal proposition without the scope or range of the authority of the employees or servants and respondent is not liable for the consequences.

HOUGH, Judge, delivered the opinion of the court.

This was an action by the plaintiff to recover damages for the loss of the services of her infant son by reason of injuries alleged to have been inflicted upon him, in consequence of the negligence and carelessness of defendant's servants, and also for expenses incurred by her for medical attendance, and in nursing him during his resulting sickness.

The material portion of the petition is as follows: "The defendant was the owner of a certain railroad, running through the city of St. Joseph and across the streets and alleys thereof, and to the Missouri River Bank, and the engines and cars therein, and was, and for a long time previous to the time of the injuries hereinafter complained of, had been, engaged in the business of running said engines and cars, over and upon said railroad, alternately, from defendant's depot in said city of St. Joseph to said river and back again, making numerous trips each day with its said engines and cars, over its said road between said points, through a densely inhabited part of said city, in the line of its duty and business; and defendant, by its employees, was, and for a long time previous had been, accustomed to and did, while so acting within the line of their duty and business for the defendant, wilfully and unlawfully assume control over, and did carelessly and negligently induce, encourage and permit the son of plaintiff, one Henry Snyder, an infant about eleven years of age, and divers other children and boys, residing with their parents, in the vicinity of, and adjacent to defendant's said road, and in the absence of, and against the wish, entreaties and protestations of their said parents, and while their said cars were in motion, running as aforesaid, over said road, to frequently jump upon and ride upon defendant's said cars, between said points, and that said son of plaintiff, Henry Snyder, being so encouraged and permitted by said defendants said employees, was, in obedience to his childish instincts in the premises, attempting to so jump upon said cars, to-wit, on or about the 25th day of October, 1871, and while said cars were being so run by said employees in defendant's said business, through said city between said points, when said Henry Snyder was then and there thrown down, and under the wheels of said cars, and in consequence of defendant's *said carelessness* and *negligence*, his leg was then and there run over by said cars, and was thereby so crushed and mangled, that same had to be amputated; whereby, etc.," and plaintiff claimed damages for the loss of services which would thereby be incurred by her during the whole period of her son's minority.

To this petition the defendant demurred, on the ground that it did not state facts sufficient to constitute a cause of action. The Circuit Court sustained the demurrer and rendered final judgment thereon, for the defendant, and plaintiff has appealed to this court.

The rule is firmly established that the master is civilly liable for the tortious acts of his servant, whether of omission or commission, and whether negligent, fraudulent or deceitful, when done in the course of his employment, even though the master did not authorize, or know of such acts, or may have disapproved or forbidden them. (Garretzen vs. Duenckel, 50 Mo., 107.)

The chief difficulty which has arisen in the application of this rule as appears from the adjudicated cases, has been in ascertaining whether the act complained of was committed in the course of the servant's employment.

Conceding for the present, that the petition in this case charges that the injury complained of was received by the plaintiff's son while attempting to get on the cars, in consequence of an invitation extended to him at the time by the servants of the defendant, in charge of said cars, can the defendant on such a state of facts, be held liable in this action? Can such injury be said to have happened, by reason of any act of defendant's servants, within the scope of their employment?

What was their employment? It is charged to have been the running of the engines and cars of the defendant between two points within the limits of the city of St. Joseph. It does not appear whether such cars were at the time being used in the transportation of passengers, or of freight only; or whether the defendant's servants were merely engaged in switching cars to be thereafter used for passengers or freight.

In the case of Wilton vs. Middlesex R. R. Co. (107 Mass., 108), it appeared that the plaintiff, a girl of nine years of age was walking with several other girls upon the Charlestown bridge about 7 o'clock in the evening, when one of the defendant's horse-cars came along very slowly, and the driver beckoned to the girls to get on. They thereupon got on the

front platform, and the driver immediately struck his horses, when, by reason of their suddenly starting, plaintiff lost her balance and fell, so that one of the wheels passed over her arm. It was admitted that the plaintiff was not a passenger for hire, and that the driver had no authority to take the girls upon the car and carry them, unless such authority was implied from the fact of his employment as driver. The court says: "The driver of a horse car is an agent of the corporation having charge, in part, of the car. If, in violation of his instructions, he permits persons to ride without pay, he is guilty of a breach of his duty as a servant. Such act is not one outside of his duties, but is an act within the general scope of his agency for which he is responsible to his master. In the case at bar, the invitation to the plaintiff to ride was an act within the general scope of the driver's employment, and if she accepted it innocently, she was not a trespasser. It is immaterial that the driver was acting contrary to his instructions."

Wharton in his work on Negligence says, that the principle announced in the foregoing case, cannot be extended so as to imply authority on the part of the engineer of a locomotive to invite a child on the machinery, and cites in support of his text, the case of Flower vs. Penn. R. R. Co., 69 Penn. St., 210. In that case the fireman on an engine, which, with the tender and one freight car, had been detached from a train of cars, and was stopped at a water station for water, requested a small boy, standing near, to put in the hose and turn on the water; and while he was climbing on the tender to put in the hose, the freight cars belonging to the train from which the engine was detached, came down, without a brakeman and struck the car behind the tender. driving the engine and tender forward ten feet. The boy fell from the tender and was crushed to death. There was testimony that engineers were not permitted to receive any one on the engine but the conductor and superintendent. The court held that the boy was not a passenger, or one to whom the company owed a special duty, and says, "It is evident, therefore, that the case turns

wholly on the effect of the request of the fireman, who was temporary engineer, to put in the hose and turn on the water. Did that request involve the company in the consequences? This is a very hard case. A willing, bright boy, not arrived at years of discretion, has lost his life in simply trying to oblige the fireman. But we must not suffer our sympathies to do injustice to others, by overriding those fixed principles which underlie the rights of all men, and are essential to justice. It is natural justice that one man should not be held liable for the act of another, without his participation, his privity, or his authority. It is clear that the fireman, through his indolence, or haste, was the cause of the boy's loss of life. Unless his act can be legally attributable to the company it is equally clear the company was not the cause of the injury. The maxim *qui facit per alium facit per se*, can only apply where there is an authority, either general or special. It is not pretended there was a special authority. Was there a general authority which would comprehend the fireman's request to the boy to fill the engine tank with water? *This seems to be equally plain without resorting to the evidence given* that engineers are not permitted to receive any one on the engine but the conductor and foreman, or superintendent; that it is the duty of the fireman to supply the engine with water; that he has no power to invite others to do it, and can leave his post only on a necessity. * * * It is not like the case of one injured while on board a train, by the sufferance of the conductor, whose general authority extends to receiving and discharging persons to and from the train."

In the case of Lynch vs. Nurdin, (1 Ad. & El. N. S., 29.) chiefly relied on by the appellant, the servant of the defendant was palpably negligent, in leaving the horse and cart, in his charge, unattended in the street, whereby an infant who " merely indulged the natural instinct of a child, in amusing himself with the empty cart and the deserted horse," and to whom no concurrent negligence could be imputed, was injured. There the servant was clearly guilty of a negligent act in the course of his employment.

The case of Eaton vs. D. L. & W. R. R. Co., (13 Am. Law Reg., 665,) decided by the New York commission of appeals, is an elaborate authority to the point that conductors of freight trains cannot create any liability on the part of the company to persons taken by them on such trains, unless the principal in some way assents to it. In that case, however, the evidence not only failed to show that the company assented to the act of the freight conductor, but it was distinctly proved that it forbade the act. See also Judge Redfield's note to that case.

It is patent from the foregoing cases that the acts of the defendant's servant as alleged in the petition, in inducing, encouraging, and permitting the plaintiff's son and others to ride upon the cars operated by them, cannot be viewed as having been done by them in the course of their employment. It does not appear that they were engaged in carrying passengers, or had any authority to permit persons to ride on said cars, with or without compensation, or that the invitation or permission alleged, were in furtherance of the master's interests or directly or indirectly connected with the service which they had engaged to render to it. The mere fact that a tortious act is committed by a servant *while* he is actually engaged in the performance of the service he has been employed to render cannot make the master liable. Something more is required. It must not only be done while so employed, but it must pertain to the particular duties of that employment. The general statement that the acts of defendant's servants were within the range of their employment is a mere conclusion of law which cannot help the averment of facts and can avail nothing. (Gillet vs. Mo. Valley R. R. Co., 55 Mo., 315.) The facts being conceded, whether a given act is within the scope of a servant's employment is a question of law for the court.

A careful examination of the petition in this case, however, discloses the fact, that no invitation to get upon the cars of defendant, is alleged to have been given at the time of the injury. The petition shows that the plaintiff's son attempted to get on the train of his own motion, and in pursuance of

his childish instincts and in consequence of the former permission and encouragement extended to him by defendant's servants, and was thereby injured. · It contains no allegation of negligence on the part of defendant's servants at the time the child attempted to get upon the train. Such an allegation would have brought the case within the rule laid down in Lynch vs. Nurdin, if the negligent acts alleged pertained to the particular duties of the servant's employment.

From all that appears, the defendant's servants were, at the time of the injury, in the exercise of usual and ordinary care, and were not cognizant of the child's attempt to get upon the cars. The previous encouragement, alleged to have been given by defendant's servants to plaintiff's child and other children, to get upon their cars while the same were in motion, even if it could be held to have been within the range of their employment, would not be the proximate cause of the injury complained of here.

Nothing need be said as to the character or extent of the recovery sought here. The petition fails to state a cause of action against the defendant, and the judgment of the Circuit Court will be affirmed. The other judges concur.