## JOHN G. KEITH
### v.
## LAWRENCE LYNCH.

1. ESTOPPEL IN PAIS.—Estoppels *in pais* are odious, and must be strictly made out. The party setting up an estoppel *in pais* must show that there was a willful intent to make him act on the faith of the representation, and that he did so act. The elements indispensable to the application of an estoppel *in pais*, were not only not clearly, but were not fairly made out in this case.

2. TORTIOUS ACT OF SERVANT.—The mere fact that a tortious act is committed by a servant *while* he is actually engaged in the performance of the service he has been employed to render, can not make the master liable. Something more is required. It must not only be done while so employed, but it must pertain to the particular duties of that employment.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding. Opinion filed June 9, 1886.

This was an action on the case, brought by Lynch against Keith, to recover for a personal injury received September 18, 1884, while engaged in the hold of the schooner "Homer," for the purpose of unloading a cargo of coal for and at the dock of Pratt, Parker & Co., Chicago, the consignees of said cargo. The declaration averred that defendant, Keith, was the owner of said schooner at the time, and that the injury to plaintiff was occasioned by the negligence of defendant and his servants.

On the trial, plaintiff introduced evidence tending to show that while he was so at work in said hold, and passing under an open hatchway, a heavy piece of timber was suddenly precipitated down through said hatchway, and descending about a dozen feet struck plaintiff on one of his legs, producing a fracture thereof; that some repairs were being made on the vessel at the time, for which said piece of timber was to be used; that said repairs were being made by Miller Bros., whose employes

were handling the timber when it was so permitted to fall through said hatchway, and that the captain of the vessel participated in the act of handling it.   And there was evidence tending to show that the injury to plaintiff was the result of the misfeasance or nonfeasance of the persons, or some of them, who were handling said piece of timber, but there was no evidence tending to show defendant's presence at the time, or that the work was being done under his personal control. It appeared that the defendant was not in fact the owner of any interest in the schooner and never was, but that he had acted solely as agent of the owner, who was Mrs. Ann Halsted. It inferentially appeared that Chicago was the home port of said vessel.   For the purpose of holding defendant as owner of the vessel by way of estoppel *in pais*, the attorney of plaintiff testified, that soon after the injury, and before suit brought, he asked the defendant if he was the owner of the schooner " Homer" and that defendant answered that he was ; that said attorney informed defendant, at that time, that he was the attorney of plaintiff.   It appears that the defendant, as witness on his own behalf, testified that said attorney never made any such inquiry of him, and that he did not tell said attorney that he, defendant, was such owner; that the said attorney and defendant were the only witnesses to said conversation, and plaintiff was not present.   There was no evidence tending to show that said attorney ever informed the plaintiff of what he had been so told by defendant, or that he, or his attorney, did not know, at the time of bringing the suit, by whom the said schooner was in fact owned at the time of the injury.

The court, at the instance of plaintiff's counsel gave to the jury the following instructions :

" If the jury believe from the evidence that the defendant, in answer to any inquiry by the plaintiff's attorney as to who was the owner of the vessel on which the accident in question occurred, and knowing or having reason to believe that such inquiry was made for the purpose of finding out who was liable for the injury, represented that he was owner of the vessel, intending the plaintiff to believe that such was the

fact, and that the plaintiff believing such representation to be true, and acting thereon, brought this suit against the defendant as the owner of the vessel, and would not have done so but for such representation, then the jury are instructed that the defendant is bound by such representation, and is estopped from denying that he was the owner of the vessel, and must, for the purposes of this suit, be regarded by the jury as the real owner of the vessel, no matter who was in fact the owner.

" The jury are further instructed that if they believe from the evidence, that the men engaged in lowering the timber into the vessel were under the direction and control of the captain, as to the mode and manner of doing this work, then they are to be regarded as the servants of the owner of the vessel, and the captain is to be regarded as the agent of the owner; and if the jury further believe from the evidence that the captain, or the men so directed and controlled by him as aforesaid, (if the jury believe from the evidence that they were so directed and controlled,) were guilty of negligence in such work, and that by reason of such negligence the plaintiff was injured, as alleged, while himself in the exercise of ordinary care and rightfully in the hold of the vessel, at the place where he was hurt, and that he was rightfully there, if there with the knowledge and consent of the captain of the vessel, then they will find a verdict for the plaintiff, if they believe from the evidence that the defendant was the owner of the vessel, or if, under plaintiff's first instruction, they regard him as the owner."

The jury found for the plaintiff and assessed his damages at $526, and judgment being given, defendant prosecutes this appeal.

Messrs. Schuyler & Kremer, for appellant.

Messrs. Lewis & Judson, for appellee.

McAllister, J. If this case had been determined by the jury upon the actual truth of the relation of defendant below to the persons and things connected with and contributing to

Keith v. Lynch.

the injury complained of, it is clear that defendant could not be held liable; for there is a total absence of evidence tending to show any participation by him in the particular acts which occasioned the injury, either by being present and aiding, or by any order or direction on his part; and the evidence was explicit and uncontradicted that he had no interest in the vessel, and acted only as agent for the owner in employing the captain and hands. The law, as laid down in Stone v. Cartwright, 6 Term R. 411, is directly applicable. Nicholson v. Mounsey, 15 East, 384; Story on Ag., § 313.

The case was decided against the defendant, as we are bound to presume, on account of the first instruction which the court gave on behalf of the plaintiff, which had the effect of barring or shutting out the actual truth of the case, by what is called an estoppel. In Andrews v. Lyons, 11 Allen, 349, the Supreme Court of Massachusetts made this statement of the law in regard to such estoppels: "The modern doctrine on this subject of estoppels *in pais* is thus stated by Lord Campbell, in Howard v. Hudson, 2 El. & Bl. 10: 'If a party willfully makes a representation to another, meaning it to be acted upon, and it is so acted upon, that gives rise to what is called an estoppel. It is not quite properly so called, but it operates as a bar to receiving evidence contrary to that representation, as between those parties. Like the ancient estoppel, this conclusion shuts out the truth, and is odious, and must be strictly made out. The party setting up such a bar to the reception of the truth must show that there was a willful intent to make him act on the faith of the representation, and that he did so act.' "

In the present case the plaintiff introduced the testimony of his attorney, to the effect that before bringing the suit he inquired of defendant if he was the owner of the schooner "Homer" and that defendant replied that he was. The defendant, in his testimony, explicitly denied that any such inquiry was made to or answer given by him, and those two were the only witnesses on the subject. In looking at the evidence of the conversations between the attorney and defendant, as given by the former, it is manifest that the

defendant had in mind, in what he said, a suit in admiralty against the vessel as for a marine tort, and he was not informed of any desire or intention to bring an action against the person of the owner. We are unable to find any evidence tending to show that neither the plaintiff nor his attorney had any knowledge as to the actual ownership of the vessel, except what defendant had said to the attorney, or that they relied on what he said and thus changed their position. The elements indispensable to the application of the doctrine of estoppel *in pais* were not only not *clearly*, but were not *fairly* made out. But, at all events, the case stood in such way, upon the evidence, that accuracy and freedom from any substantially misleading tendency in the instruction for plaintiff upon the matter of estoppel, were imperatively demanded, in order to avoid giving the plaintiff an undue advantage in his resort to a doctrine, which, when applied to a case like this, is odious and not favored, but which in this case was not fairly made out by the evidence. By the first instruction for plaintiff the jury were told : " If the jury believe from the evidence that the defendant, *in answer to an inquiry by the plaintiff's attorney* as to who was the owner of the vessel on which the accident in question occurred, and knowing or having reason to believe that such inquiry was made for the purpose of finding out who was liable for the injury, represented that he was owner of the vessel, *intending the plaintiff to believe that such was the fact*," etc.

That instruction, as to several of the vital facts, speaks the language of assertion or assumption, instead of that of hypothesis or supposition. It assumes that some inquiry was made by plaintiff's attorney, of the defendant, as to the ownership of the vessel—a fact explicitly denied by the defendant. It assumes that the defendant intended to have the plaintiff believe that he, the defendant, was the owner of the vessel. Whether or not there was any intent of that kind on the part of defendant was one of the facts to be found by the jury.

By the second instruction for plaintiff, the defendant was held responsible for misfeasance or nonfeasance on the part of the captain of the vessel in respect to the handling of the

piece of timber to be used in making the repairs, without any evidence tending to show that the captain was authorized by the owner or the defendant to superintend in making such repairs, or that he was acting within the scope of his employment; and, without any hypothesis in the instruction, as to his being so authorized, or acting within the scope of his employment.   If the captain was not acting under the command or direction of the owner as to the particular acts which occasioned the injury, then it is eleme⸱  ⸱y law that the principal was not liable for his acts of commission or omission, unless they were done in the course of his employment.   " The mere fact that a tortious act is committed by a servant *while* he is actually engaged in the performance of the service he has. been employed to render, can not make the master liable. Something more is required.   It must not only be done while so employed, but it must pertain to the particular duties of that employment."   Snyder v. Railroad Co., 60 Mo. 413 ; C., B. & Q. R. R. Co. v. Casey, 9 Bradwell, 638.

The vessel was in her home port.   The defendants had employed Miller Bros., a dry-dock firm, to make the repairs, and they were making them at the time of the accident.   The court could not properly assume that the captain, merely because he was captain, had authority to interfere with or control the manner of doing the work, or that the doing these repairs pertained to his duties.   For the errors in the instructions mentioned, the judgment must be reversed and the cause remanded.

Judgment reversed.