STRINGER v. THE MISSOURI PACIFIC RAILWAY
COMPANY, *Appellant.*

Master and Servant: MASTER NOT LIABLE FOR TORTIOUS ACTS OF SERVANT, WHEN. The mere fact that a tortious act is committed by a servant *while* he is actually engaged in the performance of the service he has been employed to render. cannot make the master liable. The act complained of must pertain to the particular duties of that employment.

| 96 | 299 |
| 116 | 94 |
| 96 | 299 |
| 128 | 637 |
| 96 | 299 |
| 64a | 575 |
| 96 | 299 |
| 68a | 98 |
| 96 | 299 |
| 71a | 600 |
| 71a | 609 |

*Appeal from St. Louis City Circuit Court.*—HON. W. H. HORNER, Judge.

REVERSED.

*Bennett Pike* for appellant.

(1) The motion in arrest of judgment should have been sustained. The petition does not state a cause of action. *Snyder v. Railroad*, 60 Mo. 419 ; *Cousins v. Railroad*, 66 Mo. 576 ; *Flower v. Railroad*, 69 Pa. St. 210 ; *Welden v. Railroad*, 5· Bosw. 576 ; *Mitchell v. Crassweller*, 13 C. B. 237 ; Shearman and Redf. on Neg., sec. 63 ; *Garretzen v. Duenckel*, 50 Mo. 111 ; *Foster v. Bank*, 17 Mass. 479 ; *Sherman v. Railroad*, 72 Mo. 63, 66. (2) The demurrer to the evidence should have been sustained, and the court committed error in overruling

the same.    *Vide* cases cited under preceding point, and
*Eaton v. Railroad*, 57 N. Y. 382 ; also, *Nickerson v.
Railroad*, 41 N. Y. 525, and *Downey v. Hendrie*, 46
Mich. 498, 501 ; *Railroad v. Roach*, 5 S. E. Rep. 175.
(3) The court erred in the admission of incompetent and
illegal testimony, whose only effect was to mislead the
jury.   *Clark v. Kitchen*, 52 Mo. 316.   (4) The court
committed error in giving the instruction asked by
plaintiff.   See cases cited under first and second points,
and *Morrison v. Yancey*, 23 Mo. App. 675, and *Crews
v. Lackland*, 67 Mo. 622.

*A. R. Taylor* for respondent.

NORTON, C. J.—This is an action to recover damages
for a personal injury, in which plaintiff obtained judg-
ment, from which defendant has appealed and assigns,
among other grounds of error, the action of the court in
refusing to sustain defendant's demurrer to the evidence
and in overruling defendant's motion in arrest of judg-
ment.

To sustain his case, plaintiff offered himself as a
witness and testified : That he lived in the city of St.
Louis ; is a laborer by occupation and at the time he was
injured, in 18.3, he was eighteen years old, and at the
time of trial about twenty-one ; that at the time of the
injury, he was working in Garstang's boiler-yard ; that
on the day he was injured, he was going down the levee
and saw engine number 212, belonging to defendant,
standing on the levee at the curve ; that he walked
toward the brakeman, who was sitting on the front of
the engine on the right-hand side ; that the brakeman
told him to get on ; that he got on the engine and rode
up as far as Twelfth street ; that when the engine was
on the curve, he heard one of the brakeman say that
"he would give her hell" ; that by the time they
reached the middle of the curve, the rails spread and
the engine jumped the track and went over his leg ; that

the engine jumped the track near Twelfth street on the south side of the track as it was going west; that the engine, after it jumped the track, went over between the tracks; that the ground, at the point of the accident, was soft; that the step of the engine got on his right leg about two inches above the ankle; that he was taken thence to the city dispensary, where his crushed leg was amputated about four inches above the ankle.

As to the reason for his getting on the engine, he said that he was walking toward the engine and one of the brakemen said to him, "if you are going to get on, get on"; that the engineer was in the cab of the engine. He further testified, that there were two men standing on the front of the engine, on the step, and that he got on and stood between the two men while he was riding; that the step he stood upon in front of the engine was a plank about eight inches wide and five feet long; that he was laid up about six weeks from the injury; that it does not hurt him to walk; that he cannot walk as well with his wooden leg as before the injury; that he cannot run, but can walk as fast as before he was injured. He further stated that the engine was standing still when he got on; that at the time the engine got off the track it was going at a speed of three or four miles an hour; that he told the brakeman he was going out to the shops of the railway company to look for work; that he thought the engineer must have seen him because the engineer was on one side of the cab as witness was going down the street; that he thought it was a pretty safe place to ride on the front of the engine when the brakemen were standing there; that he had been living nine or ten years about one block from the railroad track, and that on Sundays he would go down and walk on the track; that the engine on which he rode was a switch-engine, and was engaged at the time he was injured in switching cars in the railroad yard.

Witness Geist testified to the effect that plaintiff was injured about a block west of the Twelfth-street

bridge in the yard of defendant company, that the engine partially turned at that point, and was shoved against another track, thrusting plaintiff's leg against the same, and crushing it. The above is all the evidence offered, to which the defendant offered an instruction by way of demurrer, which was overruled, and this action of the court is assigned for error.

The evidence above detailed entirely fails to show that the engine, on the front part of which plaintiff rode, was engaged in carrying passengers, but on the contrary it shows that it was not so engaged, it being a switch-engine, engaged in switching cars in defendant's yard. Nor does the evidence show or tend to show that the brakeman who said to plaintiff, "if you are going to get on, get on," was acting either within the scope of his employment, or was in any way authorized to invite or receive plaintiff as a passenger or otherwise on said engine. On this state of facts, under the ruling made in the case of *Snyder v. Railroad*, 60 Mo. 419, the court erred in overruling defendant's demurrer to the evidence. It is there said : "It is patent  *  *  *  that the acts of defendant's servants  *  *  *  in inducing, encouraging and permitting the plaintiff's son and others to ride on the cars operated by them, cannot be viewed as having been done by them in the course of their employment. It does not appear that they were engaged in carrying passengers, or had any authority to permit persons to ride on said cars, with or without compensation, or that the invitation or permission alleged were in furtherance of the master's interests or indirectly connected with the service which they had engaged to render to it. The mere fact that a tortious act is committed by a servant *while* he is actually engaged in the performance of the service he has been employed to render, cannot make the master liable. Something more is required. It must not only be done while so employed, but it must pertain to the particular duties of that employment." The following cases are

to the same effect: *Sherman v. Railroad*, 72 Mo. 63, 66 ; *Cousins v. Railroad*, 66 Mo. 576; *Flower v. Railroad*, 69 Pa. St. 210.

For the error noted, the judgment is hereby reversed. All concur except RAY, J., absent.