I. M. CHRISCO, Appellant, v. ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY, Respondent.

Springfield Court of Appeals, May 6, 1912.

1. **MASTER AND SERVANT: Railroads: Section Men: Scope of Employment: Injury to Child Alighting from Hand Car.** A railroad company is not liable for injuries received by a child in attempting to get off a hand car while the same was in motion, although the child may have ridden upon the car through the invitation of the section men, for in permitting the child to ride upon the hand car the section men would, in the absence of evidence to the contrary, be acting outside the scope of their employment.

2. ————: ————: ————: ————: **Negligence: Failure of Proof.** In an action to recover damages for injuries to plaintiff's son, a child nine years of age, who was injured by jumping off a hand car while the same was in motion, plaintiff alleged it was the custom on the part of defendant's section men to permit and encourage plaintiff and other children to ride upon their hand car and to jump upon and alight from said hand car while the same was in motion. The evidence is examined and *held* that it did not tend to prove the negligent act alleged in the petition.

Appeal from Shannon Circuit Court.—*Hon. W. N. Evans,* Judge.

AFFIRMED.

*E. P. Dorris* and *Orchard & Cunningham* for appellant.

(1) The universal rule is that a principal is liable for the neglect, fraud or other wrongful act of his agent in the course of his employment, though the principal did not authorize the specific act. Garetzen v. Duenckel, 50 Mo. 107. (2) The liability of the principal for his agents' torts is not based upon any presumed authority in the agent to do the act, but upon public policy, and that it is more reasonable when one of two innocent persons must suffer from the wrongful act of the third person, that the principal, who placed the agent in the position of trust and confidence, should suffer than a stranger. Chicago Herald v. Bryan, 195 Mo. 588. (3) The court further says that it is sufficient to make the master responsible *civiliter,* if the wrongful act of the servant was committed in the business of the master and within the scope of his employment; and this although the servant in doing it departed from the instructions of his master. This rule is founded upon public policy and convenience. Every person is bound to use due care in the conduct of his business; if the business is committed to an agent or servant, the obligation is not changed. Chandler v. Gloyd, 217 Mo. 412; Barru v. Cape Girardeau, 197 Mo. 392; Wahl v. Transit Co., 203 Mo. 273; Houck v. Railroad, 116 Mo. App. 563; Austin v. Railroad, 149 Mo. App. 397; Curtis v. Railroad, 99 Mo. App. 507; Sharp v. Lamburt, 142 Mo. App. 575. (4) An employer is liable for damages caused by his employee's negligence while acting in the scope of his employment, though the negligent act was not necessary to the performance of his duties, nor expressly authorized or

known to the employer. Winfray v. Lazarus, 148 Mo. App. 396; Boullion v. Gas Light Co., 148 Mo. App. 467. (5) In an action against a railroad company for injuries to a child on the track, the question of defendant's negligence is held to be a question for the jury. Frick v. Railroad, 5 Mo. App. 435; Scoville v. Railroad, 81 Mo. 434. Whether a boy twelve years of age used that care which may reasonably be expected from a boy of his age and capacity, so as to release him from contributory negligence, as to injuries received by him while on a railroad track resulting from being struck by a train is a question for the jury. Williams v. Railroad, 96 Mo. 283; Graney Etux v. Railroad, 140 Mo. 101; Tobin v. Railroad, 18 S. W. 996; Henderson v. Railroad, 161 Mo. 424; Moeller v. Railroad, 133 Mo. App. 75.

*W. F. Evans* and *W. J. Orr* for respondent.

(1) The facts being conceded whether a given act is within the scope of a servant's employment is a question of law for the court. Snyder v. Railroad, 60 Mo. 413. (2) The youth of plaintiff does not change or affect this rule of law as stated by our Supreme Court in Sherman v. Railroad, 72 Mo. 66. (3) The case of Daugherty v. Railroad, 114 N. W. 902, is directly in point here though the facts therein alleged are much stronger for the plaintiff than the facts here. (4) We call attention to the following additional cases where liability was expressly denied upon the ground that the negligent act was outside the scope of the servant's employment. Morris v. Brown, 111 N. Y. 318; Cook v. Houston Co., 18 Am. St. 52; Railroad v. West, 125 Ill. 320; Rathbone v. Railroad, 66 P. 909; Railroad v. Dawkins, 13 S. W. (Tex.) 983; Hoar v. Railroad, 70 Me. 65; Stone v. Pugh, 91 S. W. 199; Railroad v. Harrison, 48 Miss. 112; Railroad v. Bolling, 59 Ark. 395; Robinson v. McNeil, 18 Wash. 163;

Railroad v. Bryant, 63 Fed. 969; Bowler v. O'Connell,
162 Mass. 319; Formall v. Oil Co., 127 Mich. 496;
Kruse v. Railroad, 133 S. W. 841; Railroad v. Jones,
132 S. W. 636; Everhart v. Railroad, 78 Ind. 292.

GRAY, J.—Defendant's section hands permitted
plaintiff's son, about nine years of age, to ride with
them on a hand car used by the section hands for the
purpose of carrying them and also their tools and
material used in their work on defendant's road.
Plaintiff's son and other children had frequently rode
on the car, and on the 17th day of January, 1910, the
boy got on the car to ride to a schoolhouse, and jumped
off while the car was in motion, and the car struck
him and he was injured.

The petition alleged negligence in the following
language: "That the defendant and its employees was
and for a long time previous had been accustomed to
and did while so acting in the line of their employment
for the defendant, negligently and carelessly induce,
encourage and permit the son of plaintiff, an infant
about the age of nine years, and divers other children
in the absence and against the wishes, entreaties and
protests of their said parents, and while said hand car
was in motion being run as aforesaid over said road,
to frequently jump upon and ride upon defendant's
said hand car, and to alight from defendant's said hand
car while it was in motion."

The petition then alleged that plaintiff's child on
the 17th day of January, 1910, was encouraged and
permitted by defendant's servants to and did get upon
the hand car and was injured while attempting to
alight therefrom.

At the conclusion of plaintiff's testimony, the de-
fendant presented a demurrer, and the same being sus-
tained, plaintiff appealed to this court.

In Snyder v. Railroad, 60 Mo. 413, it is held that
a railroad company is not liable for injuries received

by a child while attempting to get upon a car, in consequence of an invitation from one of the company's servants in charge of the car, where the evidence shows no authority on the part of the servant to permit persons to ride on the car, and it does not appear that the invitation or permission was in furtherance of the interests of the road, or connected in any manner with the service which the servant was employed to render. In the course of the opinion the court said: "It does not appear that the servants were engaged in carrying passengers, or had any authority to permit persons to ride on said cars, or that the invitation or permission alleged, were in furtherance of the master's interests or directly or indirectly connected with the service which they had engaged to render. The mere fact that a tortious act is committed by a servant while he is actually engaged in the performance of the service he has been employed to render cannot make the master liable. Something more is required. It must not only be done while so employed, but it must pertain to the particular duties of that employment." To the same effect are Gillett v. Railroad, 55 Mo. 315; Sherman v. Railroad, 72 Mo. 63; Stringer v. Railroad, 96 Mo. 299, 9 S. W. 905.

In Wahl v. Transit Co., 203 Mo. 261, 101 S. W. 1, a motorman in control of and operating a street car saw a child five years of age, within a few feet of the track, and according to plaintiff's evidence, the motorman stepped from his place to the platform to wave or frighten the child away, whereupon the child started to run across the track and was struck by the car. The court held that while the motorman was in charge of the car, it was a part of his duty to warn persons when apparently in danger of the approach of his car, and therefore, although he left his post of duty and frightened the child, the act was committed in the course of his employment. But the court reviewed the Snyder case, and reaffirmed its doctrine.

The acts of servants in permitting children to ride on hand cars and other similar vehicles, have been the basis of many suits for damages, but the courts have, with marked unanimity, denied a recovery where the servant was acting outside the scope of his employment. [Daugherty v. Railroad, 114 N. W. 902; Houston C. A. & N. R. Co. v. Bolling, 27 S. W. 492, 27 L. R. A. 190; St. Louis S. W. R. Co. v. Bryant, 99 S. W. 693; Clark v. Buckmobile, 94 N. Y. Supp. 771; Quigley v. Thompson, 211 Pa. 107, 60 Atl. 506; Chicago St. P. M. & O. R. Co. v. Bryant, 65 Fed. 969; Bowler v. O'Connell, 162 Mass. 319, 38 N. E. 498; Driscoll v. Scanlan, 43 N. E. 100; Robinson v. McNeill, 51 Pac. 355; Schulwitz v. Lumber Co., 85 N. W. 1075; Keiting v. Railroad, 97 Mich. 154, 56 N. W. 346; Foster-Herbert Cut Stone Co. v. Pugh, 91 S. W. 199; Dover v. Mfg. Co., 72 S. E. 1067.]

There is another reason why the judgment should be affirmed. There was no proof of the negligent act alleged in the petition. The plaintiff offered no testimony tending to prove that children were in the habit of getting on or off the car while it was in motion. The plaintiff's son testified that he did get on and off the car on the day he was injured while it was in motion, but there was no testimony that he, or any other child had ever done so before. On the contrary, plaintiff's witness testified that the servants were in the habit of stopping the car for the purpose of letting the boys alight therefrom.

While plaintiff's son was perhaps seriously injured, and while mankind usually feel more indignation at wrong done to children than to others, yet such things alone must not govern or control the decisions of the courts, but liability must be determined by the rules of law. The judgment will be affirmed. All concur.