ALEX KUBERSKI, Plaintiff-Appellant, *v.* HAROLD NOONAN, Defendant-Appellee.

(No. 74-55; )

Third District—October 31, 1974.

Ronald Tenold, of Lamoreaux & Tenold, of Monmouth, for appellant.

Robert J. Noe, of Bozeman, Neighbour, Patton & Noe, of Moline, for appellee.

Mr. JUSTICE DIXON delivered the opinion of the court:

This is an appeal from an order of the Circuit Court of Warren County, Illinois, allowing a motion for a summary judgment. The plaintiff, Alex Kuberski, had brought suit against Harold Noonan and Donald Gustafson to recover damages for personal injuries, but Donald Gustafson is not a party to this appeal. The issue is whether the trial court erred in granting judgment for the defendant Harold Noonan.

All parties to the lawsuit were engaged in the business of farming on October 7, 1969, when the accident occurred from which this case arose.

Gustafson was employed by Noonan to harvest beans on the farm owned and operated by Noonan. Gustafson used his own combine in the harvesting of the beans. On that date the combine developed mechanical problems and became inoperable. Gustafson drove to the farm of Kuberski, a friend, to request his help, and the two of them then returned to Noonan's farm where the disabled combine was situated. They crawled beneath the machine and attempted to remove a frozen sleeve on the combine. Kuberski held a metal bar against the sleeve while Gustafson hit the bar with a hammer. In the process, a piece of metal flew into Kuberski's right eye, and he lost almost all sight in that eye.

After suit had been brought, motions had been filed and argued relating to the pleadings, interrogatories had been propounded to Kuberski and answered, and the depositions of Kuberski and Gustafson had been taken, Noonan filed a motion for summary judgment, supported by his affidavit. The trial court denied the motion after hearing arguments. Noonan then filed a motion for reconsideration. Following new arguments the trial court allowed the motion for reconsideration, vacated its previous order denying the motion for summary judgment, allowed the motion for summary judgment, and entered judgment in favor of Noonan against Kuberski. We must now determine whether, from the entire record (*Klesath v. Barber*, 4 Ill.App.3d 86), it appears that there was a genuine issue of material fact preventing entry of summary judgment under section 57 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, § 57) in favor of Noonan.

Kuberski's argument is that Gustafson was an employee of Noonan at the time of the accident, for whose negligence Noonan was responsible, rather than an independent contractor doing custom combining; that the most important criterion of the employer-employee relationship is having the right to control the method of performing the work, not just the result; that Noonan actually exercised control over the height of cut, the day chosen, and the field to be harvested, and whether he had the right to exercise further control over the details of the work, including the repairing of the combine which took place on his premises, remained an unresolved issue of fact because there was no evidence as to this and the possibility of this degree of control was not disproved; that Noonan, furthermore, was frequently present at the work site, participated in the work by hauling the harvested beans, had complete control of the premises by reason of being the owner, furnished some of the tools other than the combine, and had the right to fire Gustafson if not satisfied with his performance of his duties; and that there were sufficient indications, therefore, of an employer-employee relationship to raise

some doubt as to Gustafson's being an independent contractor and to require that the case go to a jury.

Noonan's argument is that the case involves two separate relationships, one pertaining to the harvesting of beans and the other pertaining to the repairing of a combine; that in neither was Gustafson the employee of Noonan, on the facts shown; that the facts are not in dispute and only one conclusion can be drawn from the facts, particularly those pertaining to the repairing of the combine; that the arrangement between Noonan and Gustafson was for custom combining, contemplating payment of a fixed fee per acre for work done by Gustafson with his own combine, as both parties understood; that all decisions except as to cho'ce of day, field, and height of cut were in fact made by Gustafson, and for his work he was paid a flat fee without deductions; that Noonan was not present when Gustafson's comb:ne broke down, and would not have hired someone to repair Gustafson's machine; that Gustafson and Kuberski had frequently exchanged labor, this was simply a continuation of that practice, and Noonan was paying Kuberski nothing; that Noonan gave no directions concern'ng the repair work and had no right to do so, since Gustafson was engaged in repairing his own property; that Noonan's only contact with the transaction consisted in his being the owner of the land where the tractor broke down and the work on it was done; and that summary judgment for Noonan was therefore proper.

■■■ Whether one is an employee or an independent contractor involves various criteria and is not always easy to determine. (See 41 Am. Jur. 2d *Independent Contractors* §§ 5-23 (1968); *Ryan v. Associates Investment Co.*, 297 Ill.App. 544, 549.) In this case there are a few ambiguous statements in the depositions concerning the extent of Noonan's control over Gustafson's combining. However, as to Gustafson's repairing of his own machine, we find nothing in the record to suggest that Noonan had any right to supervise, control, or interfere in that transaction. It is established that in order for the negligence of a servant or agent to be imputed to the master or principal, the relationship must exist in respect to the particular transaction out of which the injury arose. (*Metzler v. Layton*, 373 Ill. 88, 91; *Mosby v. Kimball*, 345 Ill. 420, 427; *Keith v. Lynch*, 19 Ill.App. 574, 579.) We find no evidence that whatever relationship was created by the combining arrangements between Noonan and Gustafson extended to the transaction involving repair of Gustafson's combine, out of which Kuberski's injury arose. If there were any such evidence which the depositions and Noonan's affidavit did not bring out, it was incumbent on Kuberski to file a counteraffidavit. *Twohey v. Yellow Cab Co.*, 33 Ill.App.2d 180, 184.

240

■■ Kuberski also argues that the trial court erred in failing to consider certain paragraphs of his complaint which had previously been ordered stricken, on the basis that his attorneys did not receive a copy of that order or know of its entry until a pretrial conference was held three months later. We have examined the allegations stricken from the complaint and in our view they do not present any reasons for disturbing our conclusion that no genuine issue of fact existed.

For the reasons stated, the order of the Circuit Court of Warren County granting summary judgment for the defendant, Harold Noonan, is affirmed.

Affirmed.

ALLOY and STOUDER, JJ., concur.