*In re* Tilghman, *Petitioner.*

No. 22,177.

*In re* WILLIAM TILGHMAN, Petitioner. .

### SYLLABUS BY THE COURT.

1. REPLEVIN—*Failure to Turn Over Property—Contempt Proceedings—Nature of Action.* A proceeding to punish for contempt under section 7769 of the General Statutes of 1915, for failure to turn over property sought to be replevined, is civil in its nature.

2. CONTEMPT PROCEEDINGS—*Proper Party Plaintiff.* Generally a proceeding to punish for contempt which may be instituted by a party to enforce his own rights in an action is civil and not criminal, the state and its prosecuting officers not being directly or materially interested therein.

3. SAME—*Contempt Proceedings—Jurisdiction of Justice of Peace.* A justice of the peace before whom such a proceeding has been had, and who has adjudged the defendant in a replevin action to be in contempt for failure to turn over the property sought to be taken, is without jurisdiction to send a commitment to another county for the apprehension of such defendant, and the constable of his court is without authority to execute such paper in such other county.

4. SAME—*Habeas Corpus—Petitioner Released.* One who is arrested in such other county on such commitment and forcibly taken to the county whence it issued and placed in jail may maintain habeas corpus to secure his release.

Original proceeding in habeas corpus. Opinion filed December 7, 1918. Petitioner discharged.

*W. P. Hackney,* and *L. D. Moore,* both of Winfield, for the petitioner.

*A. M. Jackson,* and *A. L. Noble,* both of Winfield, for the respondent.

The opinion of the court was delivered by

WEST, J.: The facts of this case recall exciting times in the early days of Oklahoma, when a former sheriff lost a revolver which his sons claimed the petitioner had in his possession and was exhibiting in certain performances given by him. It was sought to obtain possession of the weapon by an action in replevin, and afterwards a complaint was made that the defendant therein contemptuously failed and refused to deliver

*In re* Tilghman, *Petitioner.*

the revolver to the officer. A warrant for the arrest of Tilghman was issued, commanding the constable to bring him before the justice to answer the state concerning his disobedience of the writ of replevin. The return is to the effect that this warrant was read to the defendant in open court. At some time an entry was made finding that Tilghman knowingly concealed the property, and ordering that he be committed to the county jail until he should deliver it to the constable. Afterwards the constable of Winfield, Cowley county, served on the petitioner in Sedgwick county a paper called "Commitment after trial," which recited that Tilghman had been charged on oath with secreting the property in a certain replevin action, had been tried therefor and sentenced to the jail of Cowley county until he delivered the property to the officer, and commanded the constable to "receive the said Bill Tilghman into your custody, in the jail of the county aforesaid, there to remain until he delivers the property in said action to the officer therein, or be otherwise discharged by due course of law." On this commitment the constable arrested Tilghman in Sedgwick county, handcuffed him and took him to the Cowley county jail, and this proceeding was brought by Tilghman to obtain his release.

Numerous complaints are made about the failure of the justice to keep his docket written up, about the absence of some papers and the nonexistence of others, and various items of alleged misconduct on the part of the court and counsel, but it was conceded at the argument that the one legal question presented touches the right of the petitioner to a discharge.

The petitioner contends that the matter all arises out of a civil action in justice's court, and that neither the justice nor the constable had jurisdiction to cause his arrest or to arrest him in another county.

On the other hand it is insisted that the commitment was for contempt, which is criminal in its nature, and that the justice could send his criminal process anywhere in the state.

The statute (Gen. Stat. 1915, § 7696), provides that the jurisdiction of justices in civil actions shall be coextensive with the county; that constables (§ 11587) shall be ministerial officers in justices' courts in their respective counties, and that civil and criminal process may be executed by them throughout the county, under the restrictions and provisions of the law.

Section 11588 provides that in serving process, civil or criminal, the authority of a constable shall, when not otherwise restricted by law, extend throughout the county in which he may be appointed; and in serving process issued by a justice of the peace he shall have the same power over the property and possessions of parties as the sheriff or coroner under like process issued from the courts of record.

Section 7947 authorizes the justice, upon complaint that a criminal offense has been committed and that the offender has fled from the county, to issue a warrant directed to an officer of his own county or to that in which the offense was committed to apprehend the offender and take him before some magistrate of the county where the offense was committed.

Section 7948 provides that if any person against whom a warrant may be issued for an alleged offense committed in any county shall, before or after the issuing of such warrant, escape from or be out of the county, he may be pursued and apprehended in any county of the state.

The statute under which the contempt proceeding was begun is section 7769, which reads as follows:

"Whenever it shall be made to appear to the satisfaction of the justice, by the affidavit of the plaintiff or otherwise, that the defendant or any other person knowingly conceals the property sought to be recovered, or, having control thereof, refuses to deliver the same to the officer, the justice may commit such defendant or other person until he or they disclose where such property is, or deliver the same to the officer."

Is this a criminal proceeding? In *Wheeler & Wilson Mfg. Co. v. Boyce,* 36 Kan. 350, 13 Pac. 609, an affidavit was made in a replevin action before a justice of the peace that the defendants refused to deliver the property, and a warrant was issued commanding the constable to arrest them and commit them to the Shawnee county jail, there to remain until they should deliver the machine. Under this warrant they were arrested and placed in jail without being taken before the justice and without any examination, hearing or trial. The action was brought for damages arising out of the imprisonment. In the opinion, after quoting the statute, it was said:

"The proceeding authorized by this statute is virtually one for the punishment of contempt. . . . Whatever procedure may be adopted, it is certain that a party cannot be condemned without notice; and a final judgment rendered, as was done in this case, without a hearing or

an opportunity to defend, is void. (Rapalje on Contempt, § 96.) While the language of the statute is not very explicit, it does not require the interpretation contended for, and if it did, it would necessarily be held void." (pp. 355, 356.)

In the fourth paragraph of the syllabus it was said that the section referred to is "incidental to the action of replevin and virtually provides for the punishment of a contempt."

*Barton v. Barton,* 99 Kan. 727, 163 Pac. 179, was an appeal from a decision adjudging the plaintiff guilty of contempt in failing to make payments for the support of a minor child under a decree in a divorce action. It was insisted that the contempt feature of the proceeding was criminal in its nature and should have been prosecuted in the name of the state by an officer thereof. But it was said that the object of the proceeding was to protect private rights, to compel compliance with the decree of a court rendered in a civil action, and only incidentally to vindicate the authority of the law; that while the punishment took on a criminal phase, it was really civil in character, and the proceeding could be instituted by the aggrieved party in the original case to protect and enforce the private rights of parties litigant. In *Holloway v. Water Co.,* 100 Kan. 414, 167 Pac. 265, an order punishing for disobedience of an injunction was held to be civil in nature. It was said that the proceeding was not for the purpose of enforcing the criminal statutes, but for the vindication of the plaintiff's rights. Numerous authorities were cited showing the distinction between contempt proceedings to vindicate the dignity of the court and those to preserve and enforce the rights of parties litigant.

No pretense was made in the case before us that the peace and dignity of the state had been impaired or impugned. The complaint was that the defendant in a replevin action had refused to turn over a revolver. A commitment was issued in order to enable the plaintiff to obtain possession of the weapon to which he claimed to be entitled. It was to vindicate his rights, and not the peace of the state. Therefore, neither the justice nor the constable had any jurisdiction or authority to treat the matter as criminal in its nature and issue and execute criminal process in another county, and their attempt to do so

was void, and the imprisonment resulting therefrom was without jurisdiction. For a release from a commitment under a void process, habeas corpus lies. (*In re Dill, Petitioner*, 32 Kan. 668, 5 Pac. 39; *In re Jewett*, 69 Kan. 830, 77 Pac. 567; 13 C. J. 6, 7.)

The petitioner is discharged.